Lawrence MYERS *v.* STATE of Arkansas

94-16 876 S.W.2d 246

Supreme Court of Arkansas
Opinion delivered May 16, 1994

*Frances Morris Finley*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was seventeen years of age when he was charged in the juvenile division of chancery court with the crime of robbery. At appellant's first appearance in chancery court, the State moved to transfer the case to circuit court. A hearing was held, and the chancellor transferred the case. Appellant appeals. We affirm.

■■ Appellant first contends that the chancellor committed error in admitting into evidence proof of prior adjudications of guilt in juvenile court. He contends the ruling violated the hearsay rule and was in violation of the best evidence rule. *See* A.R.E. Rules 803 & 1002, 1003. We do not reach the issue because appellant did not raise either of these objections at the trial level. *See Woodruff* v. *State*, 313 Ark. 585, 856 S.W.2d 299 (1993). At trial, he objected on the basis that the records kept by the Administrative Office of the Courts were more reliable than the chancery clerk's records. On appeal, an appellant cannot make an argument that is different from that made at trial. *Owens* v. *State*, 313 Ark. 520, 856 S.W.2d 288 (1993). In addition, appellant is the one who offered the records that he now contends were erroneously admitted into evidence. A party cannot complain of a favorable ruling. *Parker* v. *State*, 302 Ark. 509, 790 S.W.2d 894 (1990).

■■ Appellant next contends that the chancellor erred in considering the availability of state rehabilitative programs. There

is no merit in the argument. Appellant's date of birth was November 30, 1975. He is now eighteen years old and cannot be committed to a youth services center if convicted. *See* Ark. Code Ann. §§ 9-27-331(a)(1) & 9-28-209(a)(1) (Repl. 1993). In *Bright v. State*, 307 Ark. 250, 819 S.W.2d 7 (1991), we affirmed the denial of a transfer to chancery court, in part, on the fact that the juvenile had turned eighteen and, therefore, could no longer be committed to a youth services center. We said this fact, among others, indicated that the juvenile was "beyond rehabilitation under existing . . . programs" as provided by Ark. Code Ann. § 9-27-318(e)(2) (Repl. 1993). Appellant additionally argues that the chancellor erred in allowing the testimony of a psychological examiner as to the possibility of rehabilitation at a youth services center. It is irrelevant whether the ruling was in error, and we do not address the argument, because appellant cannot now be committed to a youth services center.

 Appellant's final argument is that the chancellor erred in transferring the case to circuit court. The factors to be considered in deciding a transfer are the seriousness of the alleged offense, whether violence was involved, and whether the alleged offense is part of a pattern of adjudicated offenses, along with the prior history, character traits, mental maturity, and any other factors that reflect upon the juvenile's prospects for rehabilitation. Ark. Code Ann. § 9-27-318(e) (Repl. 1993). As the party moving for transfer, the State had the burden of producing evidence of the statutory factors. *See Walker* v. *State*, 304 Ark. 393, 803 S.W.2d 502, *reh'g denied*, 304 Ark. 402-A, 805 S.W.2d 80 (1991). In making its decision a court need not give equal weight to each of the factors, nor does the State have to produce evidence relevant to each factor. *Hogan* v. *State*, 311 Ark. 262, 843 S.W.2d 830 (1992). We will not reverse a trial court's decision on a motion to transfer unless it is clearly erroneous. *Williams* v. *State*, 313 Ark. 451, 856 S.W.2d 4 (1993).

Robbery is the crime with which appellant is charged. A person commits robbery if, with the purpose of committing a felony or misdemeanor theft, he employs or threatens to employ physical force upon another. Ark. Code Ann. § 5-12-102(a) (Repl. 1993). The crime of robbery is serious, and violence is generally involved. In the present case, the affidavit of the police officer that supported the arrest warrant indicated that appellant and oth-

ers beat a man with their fists and with rocks, while demanding and then taking his money. The evidence presented by the State at the hearing also indicated that appellant had two prior adjudications as a juvenile for robbery and one for failure to appear and that he had been placed at the Children's Center. Appellant had been placed on probation for his previous crimes, and the testimony of his probation officer indicated that appellant never showed up for his initial appointment.

In summary, the crime alleged to have been committed is serious in nature and involved violence. Appellant has been subject to previous rehabilitative efforts and, obviously, had not responded appropriately. The alleged offense, if proved, would be part of a repetitive pattern of offenses. We have no hesitancy in holding that the ruling of the chancellor was not clearly in error.

Affirmed.