Shawn SEBASTIAN *v.* STATE of Arkansas

94-335                                                     885 S.W.2d 882

Supreme Court of Arkansas
Opinion delivered October 31, 1994

*Daniel D. Becker* and *Terri L. Harris*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Shawn Sebastian, appeals an order of the Garland County Circuit Court denying his motion to transfer to juvenile court two Class C felony charges of theft by receiving. This interlocutory appeal is permitted by statute; jurisdiction is therefore properly in this court. Ark. Code Ann. § 9-27-318(h) (Repl. 1993); Ark. Sup. Ct. R. 1-2(a)(12). We find no merit to appellant's arguments and affirm the order denying the transfer.

Pursuant to the discretion given in section 9-27-318(c), the prosecutor filed a felony information in circuit court charging appellant with two counts of theft by receiving property valued over $200. The information alleged appellant committed the crimes on February 24, 1994, when he was sixteen years old. The stolen property included a tool box, radar detector, Marlin .22 rifle, and three rods and reels.

Appellant moved to transfer the case to juvenile court. After a hearing on the motion, the circuit court considered all the factors enumerated in section 9-27-318(e) and found *inter alia*, there was clear and convincing evidence that appellant had a repetitive pattern of adjudicated offenses and that due to his prior history, character traits, and mental maturity, appellant's prospects for rehabilitation within the juvenile system were nonexistent. Accordingly, the circuit court denied the motion to transfer.

As the party seeking the transfer, appellant had the burden of proof to show a transfer was warranted under the statute. *Williams* v. *State*, 313 Ark. 451, 856 S.W.2d 4 (1993); *Walker* v. *State*, 304 Ark. 393, 803 S.W.2d 502 (1991). Section 9-27-318 provides in pertinent part:

(e) In making the decision to retain jurisdiction or to transfer the case, the court shall consider the following factors:

(1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

(2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

(f) Upon a finding by clear and convincing evidence that a juvenile should be tried as an adult, the court shall enter an order to that effect.

The circuit court made its decision to retain jurisdiction after a hearing in which a juvenile court intake officer and juvenile court probation officer testified for the state. Their testimonies revealed that appellant had been involved in the juvenile justice system since October 1992 and that since that time he had had numerous prior adjudications, including probation violations and failures to appear for numerous and multiple charges of criminal impersonation, criminal trespass, burglary, theft by receiving, criminal mischief, and escape. Both witnesses observed that appellant had not been sent to all the programs within the juvenile justice system, including the training school, but opined there were no available programs within the juvenile justice system that would successfully rehabilitate appellant.

In support of the transfer, appellant testified in his own behalf. He stated that he was sixteen years old, unmarried, no longer in school, and working at odd jobs to support his four-month-old baby. He stated his father had attempted to help him with his problems by grounding him and making him work, but admitted his father's attempts had been unsuccessful. Appellant

testified that some of the programs outside the juvenile justice system, such as the C-step program or a challenge program, might be successful in rehabilitating him. He also stated the training school might be a viable alternative.

At the conclusion of the hearing, the circuit court announced its findings of fact from the bench. The circuit court stated since two Class C felonies were involved and appellant could potentially face a sentence of imprisonment for ten years on each count, the offenses involved were serious within the meaning of the statute. The circuit court acknowledged there were no allegations of violent acts committed against any persons in the present case, but observed that, since appellant was in possession of a firearm as a result of this crime, there was at least the potential for violence. The court stated that the current offense was part of a repetitive pattern of adjudicated offenses. As for appellant's past history, character traits, and mental maturity, the circuit court observed that, since appellant was out of school, out of a job, and had fathered a child, the hope for rehabilitating appellant in the juvenile justice system was nonexistent. Accordingly, the circuit court found there was clear and convincing evidence that appellant should be tried as an adult in circuit court.

Appellant contends the felony theft by receiving charges were improperly retained in the circuit court because there was no violence in the commission of the offense; the crimes were not rape or homicide and therefore were not serious offenses; the crimes were classified as felonies only because of the value placed on the property by the victims, and therefore were not serious offenses; his record of prior adjudicated offenses contained only one felony, the remainder being misdemeanors resulting in probation or dismissals; and nothing in his past history or character traits demonstrates he has a propensity for violence. We find no merit to any of appellant's arguments.

In making its decision, the trial court is not required to give equal weight to each of the statutory factors. *Williams*, 313 Ark. 451, 856 S.W.2d 4; *Hogan* v. *State*, 311 Ark. 262, 843 S.W.2d 830 (1992). If a trial court determines a juvenile should be tried in circuit court as an adult, its decision must be supported by clear and convincing evidence. Ark. Code Ann. § 9-27-318(f); *Williams*, 313 Ark. 451, 856 S.W.2d 4. We do not

reverse a circuit court's denial of a juvenile transfer unless we determine the denial was clearly erroneous. *Id.; Vickers* v. *State*, 307 Ark. 298, 819 S.W.2d 13 (1991).

We address appellant's arguments summarily by pointing out that where, as here, there is evidence that the current felony charges were part of a repetitive pattern of offenses, that past efforts at rehabilitation in the juvenile court system have not been successful, and that the pattern of offenses has become increasingly more serious, these factors alone prevent us from holding the trial court's ruling on the transfer motion clearly erroneous. *Johnson* v. *State*, 317 Ark. 521, 878 S.W.2d 758 (1994); *Smith* v. *State*, 307 Ark. 223, 818 S.W.2d 945 (1991).

We are well aware that, while the use of violence in committing a serious offense is a factor sufficient in and of itself for a circuit court to retain jurisdiction of a juvenile, the commission of a serious offense without the use of violence is not a factor sufficient in and of itself for a circuit court to retain jurisdiction of a juvenile. *See Blevins* v. *State*, 308 Ark. 613, 826 S.W.2d 265 (1992). However, unlike *Blevins*, factors are present in this case that warrant the circuit court's retention of jurisdiction, regardless of the absence of the use of violence in committing the crimes. Based on the evidence presented, we cannot say the trial court was clearly erroneous in holding appellant should be tried as an adult in circuit court.

The order denying appellant's motion to transfer is affirmed.