Ronald COLLINS *v.* STATE of Arkansas

94-1066                                                     908 S.W.2d 80

Supreme Court of Arkansas
Opinion delivered October 16, 1995

*Kathy A. Cruz*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. This is an interlocutory appeal from the granting of the State's motion to transfer appellant Ronald Collins' case from juvenile to circuit court. We affirm the trial court's decision to grant the motion to transfer.

On July 15, 1994, Ray Shoptaw, a criminal investigator with the Garland County Sherriff's Office, was conducting surveillance from an unmarked police car parked in front of the house next door to appellant's home in Hot Springs. Mr. Shoptaw testified that there had been numerous burglaries and thefts from

homes in the area, and that appellant and his brother were considered by his office to be suspects in these burglaries. Shortly after noon, Mr. Shoptaw saw appellant, age 16, his brother and another adult male come out of appellant's home with nothing in their hands, and walk into some nearby woods; about an hour and a half later, he heard gunshots and muffled voices coming from the same area of the woods. A short while later, Mr. Shoptaw saw appellant and his two companions walk out of the wooded area carrying something in their hands. All three were arrested for residential burglary and searched incident to their arrest. One of appellant's companions had a .22 caliber revolver and numerous pieces of jewelry wrapped in an article of clothing, a pair of gloves and a large screwdriver. Appellant's brother had a .22 derringer and a pair of gloves with a diamond ring inside one glove. The arresting officers found a pair of gloves and a pistol holster on the appellant. The jewelry, guns and holster were later identified as items stolen in the burglary of a residence in the area. The companion of the Collins brothers admitted to officers that the three had committed this burglary and another burglary on the previous day. Appellant was out on bond for a pending burglary charge at the time of his arrest.

On August 4, 1994, the transfer hearing was conducted; the arresting officer, appellant's probation officer and appellant's mother testified at this hearing. At the conclusion of the hearing the trial court made the following ruling:

> THE COURT: Based upon the testimony that I've heard, I find that there is clear and convincing evidence that this matter should be transferred to the Circuit Court of Garland County, Arkansas.
>
> I make the following findings: that first, this is indeed a serious offense. As I recall, there are just Y and A above a Class B felony, which is what the defendant's charged with. That there apparently were firearms involved, if not directly, at least collaterally; that this offense would appear to be part of a repetitive pattern of conduct on the part of the defendant. In fact as I see from the record here, this charge was alleged to have occurred while the defendant was charged with another Class B felony, the one to which he had pled last Thursday. And that repetitive pattern then

would demonstrate that this individual may be beyond, or is in fact beyond the current rehabilitation available in this state.

That, coupled with the history of the defendant, his traits and maturity, all of which bear upon his prospects for rehabilitation, the Court finds that there is clear and convincing evidence to transfer this matter to Circuit Court. The bond will remain the same.

Appellant's sole argument on appeal is that the trial court's finding, by clear and convincing evidence, that appellant should be tried as an adult was clearly erroneous and against the preponderance of the evidence.

We have repeatedly stated that if a trial court determines a juvenile should be tried in circuit court as an adult, its decision must be supported by clear and convincing evidence. *Williams* v. *State*, 313 Ark. 451, 856 S.W.2d 4 (1993). Clear and convincing evidence is "that degree of proof which will produce in the trier of fact a firm conviction as to the allegation sought to be established." *Walker* v. *State*, 304 Ark. 393, 803 S.W.2d 502 (1991). We will not reverse the trial court's decision on transfer unless we determine the decision was clearly erroneous. *Vickers* v. *State*, 307 Ark. 298, 819 S.W.2d 13 (1991).

Arkansas Code Annotated § 9-27-318 (Repl. 1993) provides that in deciding whether to transfer the case or to retain jurisdiction, the court in which the criminal charges have been filed shall consider the following factors:

(1)  The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

(2)  Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3)  The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

(f)    Upon a finding by clear and convincing evidence that a juvenile should be tried as an adult, the court shall enter an order to that effect.

In making its decision, the lower court is not required to give weight to each of the statutory factors, *Sebastian* v. *State,* 318 Ark. 494, 885 S.W.2d 882 (1994), and proof need not be introduced by the prosecutor against the juvenile on each factor. *Walker* at 400.

The evidence adduced at appellant's transfer hearing was as follows. Appellant's probation officer, Robert Evans, recounted that appellant had been in and out of court on numerous occasions. In April, 1992, appellant was charged with third-degree battery; that case was dismissed with the appellant consenting to pay costs. Appellant's first conviction was in September, 1993, for failure to appear and for obstructing governmental operations; appellant agreed, once again, to pay costs and received probation and a suspended sentence. Appellant's record also contained a probation violation for failing to report and for leaving the county. At the time of his arrest, appellant had been charged with another burglary which had been transferred from circuit court to juvenile court, and was out on bond for that offense.

Mr. Evans testified that as a probationer, appellant was not at all cooperative and reported in only sporadically and his parents also failed to insure that he reported in as required. Further, counseling was available to appellant, but he had not availed himself of this service. Appellant had not been to the training school, but Mr. Evans opined that, considering appellant's degree of noncooperation, neither counseling nor the training school would do him any good.

Appellant argues that there is countervailing evidence to the appellant's alleged failure to cooperate while on probation. Appellant's mother testified that at times he did not have transportation to make the ten-mile trip to the probation office, his younger sister had frequent surgery and dealing with her medical problems was a family priority, and there had been a death in the family which necessitated a trip out of state. Appellant also argues that the only attempt at rehabilitation was to place him on probation, he had only one felony adjudication, he had no weapon when arrested and there was no evidence that violence was

involved in the offense with which he was charged. He further contends his family situation contributed to his lack of maturity; his mother testified that appellant had not completed the eighth grade and that he had failed either the seventh or eighth grade twice.

We considered similar facts and arguments in *Sebastian, supra*; we said that where there was evidence that the current felony charges were part of a repetitive pattern of offenses and where past efforts at rehabilitation in the juvenile court system have not been successful, these factors alone prevented us from holding the trial court's ruling on the transfer motion was clearly erroneous, even though no violence was used in the commission of the offense. Also, in *Walter* v. *State*, 317 Ark. 274, 878 S.W.2d 374 (1994), we determined that even though appellant was not accused of personally using a weapon in crimes that involved a pistol and gunfire, his association with the gunman in committing the alleged robberies and thefts was enough to satisfy the violence criterion.

Here, the trial court, in considering the factors outlined in § 9-27-318, found that appellant was charged with a serious offense, a class B felony, that there were firearms involved at least collaterally, that the offense appeared to be part of a repetitive pattern of conduct which would demonstrate that appellant was beyond the current rehabilitation available, and that appellant's history, traits and maturity also reflected adversely upon his prospects for rehabilitation. We cannot say the trial court was clearly erroneous in finding that there was clear and convincing evidence presented at the hearing to support transfer of this case to circuit court.

Affirmed.