Marshall COLE *v.* STATE of Arkansas

95-848 913 S.W.2d 779

Supreme Court of Arkansas
Opinion delivered January 22, 1996

*John R. Hudson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y

Gen., for appellee.

BRADLEY D. JESSON, Chief Justice. Appellant Marshall Cole, age fifteen, was charged in circuit court with possession of a handgun on school property and aggravated assault. He filed a motion to transfer his case to juvenile court. Following a hearing, the circuit court denied the motion. Cole brings this interlocutory appeal from the circuit court's refusal to transfer his case to juvenile court. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(12), as this interlocutory appeal is permitted by statute. *See* Ark. Code Ann. § 9-27-318 (Supp. 1995). We affirm.

The amended information alleged that on February 14 and 15, 1995, Cole and two other juveniles, Brent William Dobbs and Tony Rios, were in possession of a .25-caliber pistol at Prairie Grove Junior High School. It was further alleged that Cole and Dobbs pointed a loaded gun at several students at the school.

Cole filed a written motion to have his case transferred to juvenile court on the grounds that he was only fifteen years of age at the time of the alleged incidents and that no serious physical harm or bodily injury occurred as a result of the incidents. At a hearing on the motion, Prairie Grove Police Chief Robin Casey testified that he was called to the school on the morning of February 15 by Principal Frank Baughman, who told him a student had threatened another student with a weapon on campus. Chief Casey interviewed the alleged victim, Matt Mangin, and based on information received from him, placed Cole and Dobbs under arrest. In a separate interview, Dobbs stated that he had taken the weapon to school. Cole, who had been involved in an altercation with Mangin, came to Dobbs to get the weapon. After removing three to four rounds from the clip, Dobbs gave Cole the weapon. Dobbs made no indication, however, as to whether he told Cole that the gun was loaded or unloaded. Cole took the gun in a bathroom with Mangin, and later brought the weapon back to Dobbs. Dobbs and Cole later took the gun and placed it in a backpack belonging to Rios.

Chief Casey interviewed Cole separately. Cole denied having threatened Mangin; rather, he maintained that he just held the gun out in the palm of his hand and was showing it to Mangin. During the course of his investigation, Chief Casey determined that there were at least two other incidents occurring

on the previous day which involved Cole, Dobbs, and Rios and alleged threats using the gun. There were other incidents under investigation relating to the three defendants and guns that allegedly occurred prior to the incidents at the school. In one of these incidents, a mother reported that her daughter had been similarly assaulted. Chief Casey had no knowledge of any other police contact involving Cole and his department. On cross-examination, Chief Casey testified that the gun used in the February 15 incident was not fired, and that to his knowledge, there were no resulting injuries.

Cole's stepfather, Jessie Bounting, testified that, to his knowledge, his stepson had never been arrested before. It was Bounting's testimony that Marshall had been in trouble for "minor things" in school such as talking in class or disrupting class. On cross-examination, Bounting admitted that Marshall had gotten into trouble for fighting at school. According to Bounting, Marshall "hit a kid" on the first day he was in school at Prairie Grove, having just moved from Kansas. While Marshall, a ninth grader, was active in football and baseball and had never failed a grade in school, he was on medication for attention deficit disorder.

At the conclusion of the hearing, the circuit judge announced his ruling from the bench as follows:

> [I]t is incumbent upon the State to show by clear and convincing evidence that basically the case should not be transferred to juvenile court . . . A number of those factors have been touched upon by the parties. It's clear to me, and I'm convinced that these crimes, aggravated assault and possession of a handgun at school or on public school property or on school property, both felonies, are extremely serious crimes. Obviously, for years the crime of aggravated assault has been treated and dealt with as a serious crime, a crime in which there's a potential for injury or death, but for the Defendant's conduct in not carrying out that threatened violence, it never occurs. The crime of possession of a handgun on school property is a relatively new crime, again, a felony. As I have indicated in a number of cases prior to this, I view the proliferation of handguns as a terribly serious problem in this commu-

nity and this county and this state and across this country. To me, these are terribly serious crimes and have the potential for violence. The law is clear, I can consider any one or more of these factors in determining whether or not these cases should be transferred. I can basically base my decision on one factor and, as I was indicating a minute ago, it's clear to me, the evidence is clear that these two Defendants were involved in this activity, direct participants in this activity, and in my judgment, should be prosecuted and tried as adults. And, consequently, I'm going to deny their motions.

Cole filed a timely notice of appeal of the circuit court's denial to transfer.

 We recently repeated the guidelines under which we consider motions to transfer in juvenile cases in *Holmes* v. *State*, 322 Ark. 574, 911 S.W.2d 256 (1995):

> In deciding whether to retain jurisdiction of the case, the trial court shall consider the seriousness of the offense, whether the offense is part of a repetitive pattern of adjudicated offenses, and the juvenile's prospects for rehabilitation. Ark. Code Ann. § 9-27-318(e) (Repl. 1993). A defendant seeking a transfer has the burden of proof to show a transfer is warranted under Ark. Code Ann. § 9-27-318(e). *Ring* v. *State*, 320 Ark. 128, 894 S.W.2d 944 (1995); *Davis* v. *State*, 319 Ark. 613, 893 S.W.2d 768 (1995). "If he or she meets the burden, then the transfer is made unless there is clear and convincing countervailing evidence to support a finding that the juvenile should remain in circuit court." *Bradley* v. *State*, 306 Ark. 621, 623, 816 S.W.2d 605, 606 (1991); Ark. Code Ann. § 9-27-318(f) (Repl. 1993). " 'Clear and convincing evidence' has been defined by this Court as 'that degree of proof which will produce in the trier of fact a firm conviction as to the allegation sought to be established.' " *Cobbins* v. *State*, 306 Ark. 447, 450, 816 S.W.2d 161, 163 (1991) (citation omitted).

> The trial court is not required to give equal weight to each of the statutory factors. *Ring* v. *State*, 320 Ark. 128, 894 S.W.2d 944 (1995). "Moreover, proof need not

be introduced against the juvenile on each factor." *Davis v. State*, 319 Ark. at 616, 893 S.W.2d at 769. "We have often stated that the serious and violent nature of an offense is a sufficient basis for denying a motion to transfer and trying a juvenile as an adult." *Sims* v. *State*, 320 Ark. 528, 536, 900 S.W.2d 508, 513 (1995) (citing *Davis v. State*, 319 Ark. 613, 893 S.W.2d 678 (1995)). No element of violence beyond that required to commit the crime is necessary under Ark. Code Ann. § 9-27-318(e)(1), *see Slay* v. *State*, 309 Ark. 507, 832 S.W.2d 217 (1992), a case in which the underlying crime was rape, and we wrote, "*Cobbins* cannot be read to require that an added element of violence must be shown under § 9-27-318(e)(1), and we believe it would be a perverted interpretation to construe that provision in such a manner." *Id.* at 511, 832 S.W.2d at 219. However, that a crime is serious without the use of violence "is not a factor sufficient in and of itself for a circuit court to retain jurisdiction of a juvenile." *Sebastian v. State*, 318 Ark. 494, 498, 885 S.W.2d 882, 885 (1994).

The standard of review in a juvenile transfer case is whether the trial court's denial of the motion to transfer was clearly erroneous. *Sims* v. *State*, 320 Ark. 528, 900 S.W.2d 508 (1995).

322 Ark. at 576-577. While we recognized in *Holmes* that, under our previous holding in *Sebastian* v. *State, supra*, the commission of a serious offense alone without the use of violence is not sufficient for a circuit court to retain jurisdiction of a juvenile, we held that the trial court could have relied on the violent nature of the crime of aggravated robbery in denying appellant's motion to transfer to juvenile court. *Id.* at 579. In so holding, we said that no violence beyond that necessary to commit the offense of which the defendant was accused is necessary under Ark. Code Ann. § 9-27-318(e)(1). *Id.*, citing *Slay* v. *State*, 309 Ark. 507, 832 S.W.2d 217 (1992). Our decision in *Holmes* is easily reconciled with *Sebastian* v. *State, supra*, in which the appellant was charged with two counts of theft by receiving. While we affirmed the denial of transfer in *Sebastian* based on evidence of a repetitive pattern of offenses, we recognized, citing *Blevins* v. *State*, 308 Ark. 613, 826 S.W.2d 265 (1992), that the commis-

sion of a serious offense without the use of violence is not a factor sufficient in and of itself for a circuit court to retain jurisdiction of a juvenile. 318 Ark. at 498. In *Blevins*, we reversed the circuit court's decision to deny transfer where the appellant was charged with possession of a controlled substance with the intent to deliver. Unlike the charges of theft by receiving in *Sebastian* and possession of a controlled substance with intent to deliver in *Blevins*, the crime of aggravated robbery charged in *Holmes* was inherently violent in nature.

■ A prosecuting attorney has the discretion to file charges in circuit court when a case involves a juvenile fourteen or fifteen years of age and the alleged act constitutes a crime listed in Ark. Code Ann. § 9-27-318(b)(2) (Supp. 1995). Both possession of a handgun on school property and aggravated assault are included in this list. *See* § 9-27-318(b)(2)(I) and (b)(2)(J). With respect to the crime of possession of a handgun on school property, codified at Ark. Code Ann. § 5-73-119 (Supp. 1995), we have recognized that the intent behind this statute is clearly to insure safety at Arkansas's public schools. *S.T.* v. *State*, 318 Ark. 499, 885 S.W.2d 885 (1994).

■ Cole acknowledges that the criminal information, on its own, is sufficient to establish that the offense charged is of a serious and violent nature. *Hamilton* v. *State*, 320 Ark. 346, 896 S.W.2d 877 (1995). Here, the information alleged that Cole was in possession of a .25-caliber pistol at Prairie Grove Junior High School. The information further alleged that Cole committed aggravated assault by "unlawfully and feloniously, under circumstances manifesting extreme indifference to the value of human life, purposefully engaged in conduct that created a substantial danger of death or serious physical injury to another person . . . [by] point[ing] a loaded gun at several students at school." As we stated in *Holmes* v. *State, supra,* and *Slay* v. *State, supra,* no violence beyond that necessary to commit aggravated assault is necessary under Ark. Code Ann. § 9-27-318(e)(1). Unlike the crimes charged in *Sebastian* v. *State, supra,* and *Blevins* v. *State, supra,* we conclude that the crime of aggravated assault charged here, involving the alleged pointing of a loaded gun at several students at school, is inherently violent in nature. Moreover, the allegations in the information indicated that there were other incidents involving Cole and alleged threats

using the gun in addition to the incident involving Mangin.

■ The fact that Cole had no prior adjudications did not render the trial judge's decision erroneous, since it was not necessary that proof of each factor listed in Ark. Code Ann. § 9-27-318(e) be presented or that the trial court give each factor equal weight. *See Holmes* v. *State, supra.* The circuit court, recognizing that it was not required to give equal weight to each of these factors, based its decision on the extreme seriousness of the crimes charged. In sum, these charges alone were clear and convincing evidence which supported the circuit court's decision to deny transfer. Thus, we cannot conclude that its ruling was clearly erroneous.

Affirmed.