Courtney Carnell GUY *v*. STATE of Arkansas

95-1148                                    916 S.W.2d 760

Supreme Court of Arkansas
Opinion delivered March 11, 1996

*Daniel D. Becker* and *Michael E. Harmon*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Courtney Carnell Guy, appeals the order of the Garland County Circuit Court denying his motion to transfer his case to juvenile court. This interlocutory appeal is authorized by statute, Ark. Code Ann. § 9-27-318(h) (Supp. 1995). Jurisdiction is therefore properly in this court. Ark. Sup. Ct. R. 1-2(a)(12). We find no error and affirm the denial of the motion to transfer.

Consistent with the discretion given in section 9-27-318(b)(1), appellant was charged by information in circuit court, along with two others, Jerry Burkes and Tarrel Macon, alleging that on June 8, 1995, they committed two counts of terroristic act in violation of Ark. Code Ann. § 5-13-310 (Repl. 1993) and one count of aggravated assault in violation of Ark. Code Ann. § 5-13-204 (Repl. 1993). Appellant was born September 28, 1978, and was therefore aged sixteen years at the time the crimes were alleged to have been committed. We recently affirmed the denial of Macon's motion to transfer. *Macon v. State*, 323 Ark. 498, 915 S.W.2d 273 (1996). An affidavit of probable cause indicated that a total of six shots were fired with a weapon at two residences and one person outside one of the residences near a vehicle. The affidavit indicated that one bullet struck the driver's door of the vehicle and another bullet entered the other residence, struck a metal object, and landed in the shirt collar of the resident. According to the affidavit, four spent .380-caliber casings were found in the street near the residences.

Appellant moved to transfer his case to juvenile court, and

the circuit court held a hearing on the motion. Appellant presented no evidence or witnesses in support of his motion. The state called a single witness, Sharon Smith, a juvenile court intake officer who was familiar with appellant.

Smith testified that appellant had two prior adjudications in the juvenile system. In February 1992, appellant was charged with theft of property valued at less than $200.00; he was sentenced to a suspended term of ten days in jail, placed on probation, assessed costs, and ordered to twenty-five hours of community service. Appellant was discharged from that probation in September 1992. In February 1995, appellant was charged with criminal trespass; he was again given probation, assessed costs, and ordered to twenty-five hours community service. Smith stated that, according to her files, appellant had not yet completed the community service requirement.

Smith also testified, based on her experience, as to the possible punishments applicable to appellant's current case. According to Smith, jail was not a viable option because Garland County did not have a juvenile detention facility. Smith stated that, if appellant were transferred to a juvenile detention facility in another county, the maximum time appellant would serve would be ninety days. Smith also mentioned the training school, but stated appellant would only be there for a short time also. The only long-term program of which Smith was aware was the serious offender program; she could not guarantee appellant would be accepted in that program if adjudicated delinquent on these charges, although she could recommend that program. Finally, Smith testified that, while appellant could remain under a juvenile court's jurisdiction until aged twenty-one years, he could not be held in a juvenile facility past his eighteenth birthday on September 26, 1996.

On cross-examination, Smith opined that appellant's previous adjudications were not for serious crimes. She also stated that, in addition to jail, the juvenile system had other options for appellant that had not yet been offered to him.

After the hearing, the trial court took the motion under advisement and later entered an order denying the motion. In deciding whether to transfer a case to juvenile court, the factors to be considered by the circuit court are the seriousness of

the alleged offense and whether violence was involved, whether the alleged offense is part of a pattern of adjudicated offenses, and the prior history, character traits, mental maturity, and any other factors that reflect upon the juvenile's prospects for rehabilitation. *McGaughy* v. *State*, 321 Ark. 537, 906 S.W.2d 671 (1995) (citing *Myers* v. *State*, 317 Ark. 70, 876 S.W.2d 246 (1994) and section 9-27-318(e)). Appellant, as the party seeking the transfer, has the burden of proving the transfer is warranted under section 9-27-318(e). *Sebastian* v. *State*, 318 Ark. 494, 885 S.W.2d 882 (1994). The circuit court is not required to give equal weight to each factor, nor is proof required to be presented with regard to each factor. *McGaughy*, 321 Ark. 537, 906 S.W.2d 671. However, if the circuit court decides to retain jurisdiction of the juvenile's case, that decision must be supported by clear and convincing evidence. Section 9-27-318(f); *Sebastian*, 318 Ark. 494, 885 S.W.2d 882. Clear and convincing evidence is evidence of a degree that produces in the trier of fact a firm conviction as to the allegation sought to be established. *Cole* v. *State*, 323 Ark. 136, 913 S.W.2d 779 (1996). This court will not reverse a circuit court's decision to retain jurisdiction of a juvenile's case unless that decision is clearly erroneous. *Id.*

Appellant does not seriously dispute that he was charged with serious offenses and that violence was involved, but contends that the trial court erred in failing to consider the remaining statutory factors. Specifically, appellant argues that because he had two prior adjudications for which he had only received probation, there were other punishments available to him within the juvenile system, and therefore it could not be said that he had little or no prospects for rehabilitation. Appellant contends he met his burden as the moving party through Smith's testimony.

Appellant's argument is without merit. This court has repeatedly held that the use of violence in committing a serious offense is a factor sufficient in and of itself for a circuit court to retain jurisdiction of a juvenile. *Holland* v. *State*, 311 Ark. 494, 844 S.W.2d 943 (1993). The trial court's order specifically found that the charges stemmed from a "drive-by" shooting in a residential neighborhood, that the charges were serious in nature, two of which were Class B felonies with a punishment range of five to twenty years each, and that violence was employed in the firing of a total of six .380-caliber rounds

toward an individual and residence. It is of no consequence that appellant may or may not have personally used a weapon, as his association with the use of a weapon in the course of the crimes is sufficient to satisfy the violence criterion. *Collins* v. *State*, 322 Ark. 161, 908 S.W.2d 80 (1995) (citing *Walter* v. *State*, 317 Ark. 274, 878 S.W.2d 374 (1994)). Furthermore, no violence beyond that necessary to commit the offense charged is necessary. *Cole*, 323 Ark. 136, 913 S.W.2d 779. It is not apparent that the trial court failed to consider the remaining statutory factors. The order made findings with respect to appellant's age and education level as well as his prior adjudications and punishments.

The circuit court's order retaining jurisdiction is affirmed.

DUDLEY, NEWBERN, and GLAZE, JJ., concur.

TOM GLAZE, Justice, concurring. This case is a companion appeal to one we handed down on February 19, 1996, *Macon* v. *State*, 323 Ark. 498, 915 S.W.2d 273, and involves identical facts and contentions. There is, however, a difference in the two juveniles' ages. That difference is what prompts my concurring opinion.

In *Macon*, we rejected the seventeen-year-old juvenile's argument that the trial court had failed to consider factors (2) and (3) of Ark. Code Ann. § 9-27-318(e) (Supp. 1995) when deciding whether to transfer his case to juvenile court. We then determined the proof was sufficient to support the trial court's holding that Macon's actions and offenses exhibited a serious and violent nature under § 9-27-318(e)(1), and affirmed the decision, denying Macon's motion to transfer. We added that Macon failed to show the trial court clearly erred in finding Macon was not a good prospect for rehabilitation, especially in view of the fact Macon would turn eighteen years old within thirty days after the hearing. *See McGaughey* v. *State*, 321 Ark. 537, 906 S.W.2d 671 (1995). For example, a person who has reached his eighteenth birthday cannot be committed to a youth services center. Ark. Code Ann. §§ 9-27-331(a)(1) and 9-28-206 (Supp. 1995); *Bright* v. *State*, 307 Ark. 250, 819 S.W.2d 7 (1991).

The *Macon* decision is unquestionably controlling here, because juvenile Courtney Guy's actions and offenses are the

same as Macon's, and therefore support denial of his motion to transfer under § 9-27-318(e)(1). However, unlike Macon who had turned eighteen years old only days after his transfer hearing, Guy was only sixteen at the time of his hearing; thus, existing rehabilitation programs (such as youth services center) were still available for Guy, assuming he had met the other requirements of § 9-27-318(e). Because Guy's prior offenses involved misdemeanor criminal trespass and theft, I believe he would have been a viable candidate for rehabilitation *except* for the seriousness of his and his accomplices' actions and employment of violence.

In sum, I would affirm solely on the basis that Guy failed to show the trial court erred in finding the proof supported its denial decision under § 9-27-318(e)(1).

DUDLEY and NEWBERN, JJ., join this concurrence.