Derelle BROOKS *v.* STATE of Arkansas

CR 96-296                                        929 S.W.2d 160

Supreme Court of Arkansas
Opinion delivered October 7, 1996

*Cross, Kearney & McKissic,* by: *Jesse L. Kearney,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Vada Berger,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Derelle Brooks, a seventeen year old, was charged with rape in Jefferson Circuit Court on August 7, 1995. He moved to transfer the case to the juvenile division of chancery court. The motion was denied. The Trial Court's statement on the matter emphasized the seriousness of, and violence involved in, the offense. We affirm the decision.

A "criminal charge sheet" found in the record states that Mr. Brooks placed his finger in the vagina of the two-year-old victim, causing her to bleed. Evidence presented by Mr. Brooks in support of the transfer motion showed that he and the infant victim were foster children in the same foster home.

Mr. Brooks was charged with statutory rape. Ark. Code Ann. § 5-14-103(a)(3) (Repl. 1993). It was alleged that Mr. Brooks committed the offense by engaging in sexual intercourse or deviate sexual activity with another person less than fourteen years of age.

Mr. Brooks's motion contended he was seventeen and had no prior felony convictions or delinquency adjudications. He contends his motion to transfer should have been granted because he has not previously been adjudicated as a delinquent, and because there have been no past efforts to rehabilitate him.

Section 9-27-318 (Supp. 1995) provides in part:

(b) A circuit court and a juvenile court have concurrent jurisdiction and a prosecuting attorney may charge a juvenile in either court when a case involves a juvenile:

(1) At least sixteen (16) years old when he engages in conduct that, if committed by an adult, would be any felony;

* * *

(e) In making the decision to retain jurisdiction or to transfer the case, the court shall consider the following factors:

(1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

(2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

The Trial Court is not required to give equal weight to each of the statutory factors. *Ring* v. *State*, 320 Ark. 128, 894 S.W.2d 944 (1995); *Williams* v. *State*, 313 Ark. 451, 856 S.W.2d 4 (1993). The serious and violent nature of an offense is a sufficient basis for denying a motion to transfer and trying a juvenile as an adult. *Sims* v. *State*, 320 Ark. 528, 900 S.W.2d 508 (1995); *Holland* v. *State*, 311 Ark. 494, 844 S.W.2d 943 (1993).

The information, in this case charging a class Y felony, is sufficient evidence of the serious and violent nature of the crime to support an order denying the motion to transfer. *See Lammers* v. *State*, 324 Ark. 222, 920 S.W.2d 7 (1996); *Cole v. State*, 323 Ark. 136, 913 S.W.2d 779 (1996). No element of violence beyond that required to commit the crime is necessary. *Holmes* v. *State*, 322

Ark. 574, 911 S.W.2d 256 (1995); *Slay* v. *State,* 309 Ark. 507, 832 S.W.2d 217 (1992).

It is undisputed that statutory rape is a serious offense. *See Hansen* v. *State,* 323 Ark. 407, 914 S.W.2d 737 (1996). Mr. Brooks contends, however, that the Trial Court erroneously considered that violence was allegedly employed in its commission. He argues that the statute does not require violence to commit rape, and further, that no evidence of violence was produced by the State. The State submits that rape is inherently violent and notes the allegation that the two-year-old victim suffered severe bleeding. Given the allegations in this case we cannot say the Trial Court erred in its conclusion that the offense charged involved violence. We need not consider whether statutory rape is an inherently violent offense.

The second statutory factor involves prior adjudicated offenses. The only evidence of a prior adjudicated offense committed by Mr. Brooks consisted of a reference to probation in his "Social History" report. That document, generated by the Department of Human Services, contained the following statement: "However, the record does indicate that Derelle was placed on probation for the threat to kill his foster brother in West Memphis, Arkansas."

The third factor involves a determination of the probability that the juvenile will be rehabilitated. The statute allows the Trial Court to consider the prior history, character traits, mental maturity, or any other factor which reflects upon the juvenile's prospects for rehabilitation. The Trial Court noted evidence showing Mr. Brooks had been relocated in the foster home system some forty-seven times, largely because of his conduct. The Trial Court noted specific instances of prior conduct and failure, despite admission to counseling centers, to respond to rehabilition efforts. The incidents included fighting at school, attacking a counselor, attacking a foster parent with a knife, attempting to strangle a dog, molesting a three-year-old girl, and masturbating over an eighteen-month-old girl. Finally, the Trial Court pointed to the fact that Mr. Brooks was only four months away from his eighteenth birthday. Mr. Brooks turned eighteen on April 29, 1996.

A person who has reached his eighteenth birthday cannot be committed to a youth-services center. Ark. Code Ann. 9-27-331(a)(1) (Supp. 1995). *Hogan* v. *State,* 311 Ark. 262, 843

S.W.2d 830 (1992); *Bright* v. *State*, 307 Ark. 250, 252, 819 S.W.2d 7 (1991). The chance for rehabilitation within the Division of Youth Services is nonexistent when a commitment cannot be had for a young person older than 18. *Hansen* v. *State, supra. See, e.g., Guy* v. *State*, 323 Ark. 649, 916 S.W.2d 760 (1996); *Sims* v. *State, supra; Myers* v. *State*, 317 Ark. 70, 876 S.W.2d 246 (1994); *Hogan* v. *State, supra.* Although Ark. Code Ann. § 9-28-208(d) (Supp. 1995) extended the commitment time for juveniles beyond age eighteen under certain circumstances, it presupposes that the youth was committed upon reaching eighteen and that the commitment will continue. *Hansen* v. *State, supra.*

■ The decision that a juvenile is to be tried in circuit court as an adult must be supported by clear and convincing evidence. *Collins* v. *State*, 322 Ark. 161, 908 S.W.2d 80 (1995); *Williams* v. *State, supra.* We will not reverse the Trial Court's decision unless we determine the decision was clearly erroneous. *Ring* v. *State, supra; Vickers* v. *State*, 307 Ark. 928, 819 S.W.2d 13 (1991). We can reach no such conclusion in this case.

Affirmed.

ROAF, J., dissents. See dissenting opinion of Justice Roaf in *Butler* v. *State*, 324 Ark. 476, 922 S.W.2d 685 (1996).