Doyle David BRADLEY, Brent Clifton Clayton, and Elton
Williams *v.* STATE of Arkansas

CR 91-145                                     816 S.W.2d 605

Supreme Court of Arkansas
Opinion delivered October 7, 1991

*William M. Hoard, Jr.*, for appellants.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This is an interlocutory appeal from the trial court's denial of the appellants' motion to transfer their case to juvenile court. The state charged the appellants with aggravated assault arising out of a shooting that occurred while the appellants were in a crowd of people at Riverfest. At the time of the incident, appellant Bradley was seventeen years old and appellants Clayton and Williams were sixteen years old. During the hearing on the motion to transfer, the appellants presented no evidence and the state relied solely on the information charging the appellants. On appeal, the appellants contend that the trial court erred in denying their motion to transfer when the state offered no evidence other than the charge. We find no merit in the appellants' argument, and therefore affirm.

In making his decision on whether to transfer a case to juvenile court, the trial judge is required to consider the following factors:

> (1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the

offense;

(2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

Ark. Code Ann. § 9-27-318(e) (Supp. 1991). The trial judge need not give equal weight to each factor and proof on all factors need not be against the defendants. *Ashing* v. *State*, 288 Ark. 75, 702 S.W.2d 20 (1986). Upon a finding by clear and convincing evidence that a juvenile should be tried as an adult, the court shall enter an order to that effect. Ark. Code Ann. § 9-27-318(f).

In *Walker* v. *State*, 304 Ark. 393, 803 S.W.2d 502 (1991), we held that the party moving for transfer to juvenile court has the burden of proof to show that he or she meets the criteria of the statute to warrant transfer. If he or she meets the burden, then the transfer is made unless there is clear and convincing countervailing evidence to support a finding that the juvenile should remain in circuit court. A trial judge may consider the criminal information as evidence. *Walker* v. *State*, 304 Ark. 402-A, 805 S.W.2d 80 (1991) (supplemental opinion denying rehearing). However, the state's mere filing of the information will not qualify as sufficient evidence in every case. *Id.*

Here, as stated earlier, the appellants presented no evidence, mistakenly believing that the state had the burden of proof. The state relied on the information, which provided the following:

The said defendant(s), in Pulaski County, on or about May 25, 1990, unlawfully, feloniously, under circumstances manifesting extreme indifference to the value of human life, did purposely engage in conduct that created a substantial danger of death or serious physical injury of several unarmed victims, and did have in his possession the following deadly weapon, a revolver, against the peace and dignity of the State of Arkansas.

Also, the trial judge was informed of the ages of the appellants and that appellant Williams had a previous juvenile record. In denying the appellants' motion to transfer, the trial judge relied on the seriousness of the alleged offense — the appellants were sixteen and seventeen years old, possessed a gun, and shot it into a crowd of people.

■ Appellants here simply failed to meet their burden. Thus, based upon the record before us, we cannot say that the trial court's finding by clear and convincing evidence that the appellants should be tried as adults under § 9-27-318 is clearly against the preponderance of the evidence. *Walker*, 304 Ark. 402-A, 805 S.W.2d 80 (supplemental opinion denying rehearing).

■ At this point, we take the opportunity to clarify our standard of review in these cases. In our original opinion in *Walker*, we inappropriately applied an abuse of discretion standard, and we repeated that measure of review in *Pennington v. State*, 305 Ark. 312, 807 S.W.2d 660 (1991). However, we then subsequently and correctly applied the clearly erroneous standard in our supplemental opinion in *Walker*, but failed to mention that correction in *Pennington*. We do so now. Accordingly, the original opinion in *Walker* and the *Pennington* opinion are modified to the extent those opinions fail to recite the clearly erroneous standard.

For the reasons stated above, we affirm.