Eric Lamont WALTER *v.* STATE of Arkansas

94-79 878 S.W.2d 374

Supreme Court of Arkansas
Opinion delivered June 6, 1994

*William R. Simpson, Jr.*, Public Defender, by: *Kent C. Krause*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Eric Lamont Walter files this interlocutory appeal based on the refusal of the circuit court to transfer this matter to juvenile court for treatment as a delinquency case. His argument on appeal is that he did not employ violence in the offenses alleged against him and, as a consequence, he should be transferred to juvenile court under the *Blevins* v. *State* rationale that his offenses are serious ones but not violent in nature. *See Blevins* v. *State*, 308 Ark. 613, 826 S.W.2d 265 (1992). We disagree, and we affirm the decision of the circuit court.

The facts which the State intends to prove in this case were related by Officer Ronnie Smith of the Little Rock Police Department at the transfer hearing. On July 21, 1993, at about 9:05 p.m. two young men including Walter approached a car driven by Stephanie Boren as it was leaving an automated teller machine on Baseline Road in Little Rock. Kimberly Vanbibber was a passenger in the car. The young man with Walter, Lebrian Holly, fired a pistol at the car five or six times, wounding Boren in the

chest, arm, and back and wounding Vanbibber in the wrist. At the direction of the gunman, Vanbibber dropped her wallet out the car window and Boren did the same with her purse. Walter picked up the wallet, Holly picked up the purse, and the two men then fled.

Three days later Walter, who was age 17, turned himself in to the Little Rock Police Department and gave a statement admitting his involvement. He and Lebrian Holly were charged as adults with two counts of aggravated robbery under Ark. Code. Ann § 5-12-103 (Repl. 1993), two counts of misdemeanor theft under Ark. Code Ann. § 5-36-103 (Repl 1993), and two counts of terroristic acts under Ark. Code Ann. § 5-13-310 (Repl. 1993). Both counts of aggravated robbery stated that Walter and Holly used or threatened to use a gun to effect a theft. The two counts for terroristic acts stated that Walter and Holly shot at a car with the purpose of causing physical injury to persons or property.

Walter and Lebrian Holly both moved to transfer the charges against them to juvenile court, and a hearing was held pursuant to Ark. Code Ann. § 9-27-318 (Repl. 1993). At the hearing, Walter's mother and a friend of the family testified positively about Walter's shy and nonviolent character and his potential for rehabilitation. An employee of New Futures for Little Rock Youth also testified about Walter's voluntary participation in a youth violence prevention program sponsored by New Futures. Officer Ronnie Smith then summarized the State's case.

The circuit court refused to transfer Holly's case to juvenile court and ruled with respect to Walter as follows:

> As to Mr. Walter, of course, I'm finding the same thing as to the seriousness of the offense and the violence involved. I would note that he had some past efforts made towards him in the area of violence prevention, and I'm not sure that I really agree with either counsel as to how this should be applied based on the statute. . . . It seems from what I heard that the first acts done here were that of shooting the victims, and the two Defendants approaching them to take their goods after each of them knew that the shooting had occurred, after Mr. Walter knew that the shooting occurred. Then he went up to take the wallet, kind of not like he

didn't know the violence was going to be applied, because even if he didn't know it was going to be applied, he sure took advantage of it after it was. So, that is more than just an accomplice as such. Witnesses stated that he was mature, that he was intelligent. There's no question in my mind that this should not be transferred to juvenile.

 Walter argues a reversal premised on the fact that the State's evidence will prove only that he committed a serious act but not a violent one. In considering juvenile transfer cases such as the one before us, the circuit court must weigh these factors:

(1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

(2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

Ark. Code Ann. § 9-27-318(e) (Repl. 1993). In order to try a juvenile as an adult, the circuit court must make such a finding by clear and convincing evidence. Ark. Code Ann. § 9-27-318(f) (Repl. 1993).

We first note that the four charges against Walter clearly accuse him of perpetrating crimes involving a pistol and gunfire. The violence employed is obvious. Walter urges, however, that since he is not accused of personally using a weapon, he did not employ violence as the statute requires. The circuit court correctly concluded that his association with the gunman in committing the alleged robberies and thefts were enough to satisfy the criterion. This situation is distinguishable on its face from *Blevins* v. *State, supra*, where this court held that the absence of violence employed in the delivery of crack cocaine vitiated an adult charge against a juvenile.

■ Though there was countervailing evidence of Walter's character and penchant for nonviolence, we have stated repeatedly that we are not required to give each factor under § 9-27-318(e) equal weight or force. *See, e.g., Williams* v. *State*, 313 Ark. 451, 856 S.W.2d 4 (1993); *Wicker* v. *State*, 310 Ark. 580, 839 S.W.2d 186 (1992); *Ashing* v. *State*, 288 Ark. 75, 702 S.W.2d 20 (1986).

■ Far from being clearly erroneous which is our standard of review (*see Wicker* v. *State, supra; Bradley* v. *State*, 306 Ark. 621, 816 S.W.2d 605 (1991)), the circuit court was eminently correct in finding clear and convincing evidence of why the transfer should not be made. Walter was charged with four counts of aggravated robbery and terroristic acts, all of which involve patently violent acts, and we have held that a charge itself may be a sufficient basis for denying a transfer. *Tucker* v. *State*, 313 Ark. 624, 855 S.W.2d 948 (1993); *Holland* v. *State*, 311 Ark. 494, 844 S.W.2d 943 (1993); *Vickers* v. *State*, 307 Ark. 298, 819 S.W.2d 13 (1991); *Walker* v. *State*, 304 Ark. 393, 803 S.W.2d 502 (1991), *reh'g denied*, 304 Ark. 402A, 805 S.W.2d 80 (1991). Bolstering the charges was the testimony of Officer Ronnie Smith, who outlined a clear robbery escapade where Walter acted in concert with a gunman who fired and wounded the two victims. Walter then took the wallet of one of the victims. We find no error under such circumstances.

Affirmed.