McKinsey DeWayne DAVIS *v.* STATE of Arkansas

CR 94-898                893 S.W.2d 768

Supreme Court of Arkansas
Opinion delivered February 27, 1995

*Thomas A. Potter,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Sandy Moll,* Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. A single issue is argued in this interlocutory appeal: whether the trial court erred in denying the defendant's motion to transfer to juvenile court. This court has jurisdiction pursuant to Ark. Sup. Ct. R. 1-2(a)(12) and Ark. Code Ann. § 9-27-318(h) (Repl. 1993).

### Facts

The appellant, McKinsey DeWayne Davis, was charged by felony infomation on March 22, 1993, with the offense of rape. At the time of the alleged offense, January 30, 1993, Davis was sixteen years old. He was charged as an adult in circuit court. On March 23, 1993, Davis filed a motion to transfer to the juvenile division of the Lafayette County Chancery Court.

A hearing was held on January 4, 1994, at which Davis testified that he was sixteen years old at the time of the alleged rape and that he had never before been arrested or charged with an offense. He stated that he was in the eleventh grade and was expecting a B or C in algebra, a C or D in world history, and a C in English. On cross-examination, he acknowledged that he knew his companion, who was also alleged to have participated in the rape, was a convicted felon and had been to the penitentiary.

In ruling on the motion, the court noted that one of the factors to be considered in deciding whether to transfer the case "is

the seriousness of the offense alleged to have been committed." The court found that there was "no question that the charge itself pursuant to the Information filed in this matter is a serious offense." Further, the court noted, it was alleged that the offense "has been committed upon a person less than fourteen years of age and/or committed against a person by forcible compulsion." The court also found that Davis had "some mental maturity" and was a "person of average intelligence or better" who "should have known the difference between right and wrong." No allegation of mental impairment or defect was alleged. For these reasons, the circuit court determined that it would retain jurisdiction.

### Denial of transfer

As mentioned earlier, Davis's sole argument for reversal is that the circuit court erred in denying the motion to transfer to juvenile court. The standard of review in juvenile transfer cases is whether the circuit court's denial of the motion was clearly erroneous. *Bell* v. *State*, 317 Ark. 289, 877 S.W.2d 579 (1994); *Beck* v. *State*, 317 Ark. 154, 876 S.W.2d 561 (1994); *Vickers* v. *State*, 307 Ark. 298, 819 S.W.2d 13 (1991).

As the party seeking the transfer, Davis had the burden of going forward with proof to show that a transfer was warranted under the statute. *Sebastian* v. *State*, 318 Ark. 494, 885 S.W.2d 882 (1994); *Williams* v. *State*, 313 Ark. 451, 856 S.W.2d 4 (1993). Under Ark. Code Ann. § 9-27-318(e) (Repl. 1993), a court, in deciding whether to retain jurisdiction or to transfer the case, must consider the following factors:

(1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

(2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

The circuit court is not required to give equal weight to each of the statutory factors. *Walter* v. *State*, 317 Ark. 274, 878 S.W.2d 374 (1994). Moreover, proof need not be introduced against the juvenile on each factor. *Hogan* v. *State*, 311 Ark. 262, 843 S.W.2d 830 (1992).

Here, the record indicates that the circuit court considered each of the factors, giving weight to the serious and violent nature of the offense (rape of a person less than fourteen years of age) and Davis's mental maturity ("average intelligence or better") and taking into account the absence of allegations of a repetitive pattern of adjudicated offenses. The court found that Davis knew the difference between right and wrong and therefore should answer for his conduct in circuit court.

If a determination is made that a juvenile should be tried as an adult, the decision must be supported by clear and convincing evidence. Ark. Code Ann. § 9-27-318(f) (Repl. 1993); *Sebastian* v. *State, supra; Williams* v. *State, supra.* The serious and violent nature of an offense is a sufficient basis for denying a motion to transfer and trying a juvenile as an adult. *Bell* v. *State, supra; Beck* v. *State, supra.* While Davis contends that the circuit court erred in accepting from the State the felony information, affidavit for arrest warrant, and victim's statement in lieu of testimony, this court has repeatedly held that a criminal information, on its own, is sufficient to establish that the offense charged is of a serious and violent nature. *Id.; Vickers* v. *State, supra; Walker* v. *State*, 304 Ark. 393, 803 S.W.2d 502 (1991).

Moreover, we have expressly held that rape is, by definition, a violent offense and that such a charge meets the requirements of Ark. Code Ann. § 9-27-318(e)(1). *Slay* v. *State*, 309 Ark. 507, 832 S.W.2d 217 (1992). In the present case, the State presented the felony information which charged Davis with rape by sexual intercourse with another person by forcible compulsion and with that person being less than fourteen years old. This evidence in itself established, under the cases cited above, the serious and violent nature of the offense with which Davis was charged.

The circuit court noted, in ruling on the motion to transfer, that both the information and affidavit set forth allegations of forcible compulsion. In particular, the affidavit alleged that Davis

first pulled off the thirteen-year-old victim's pants and panties (while another male held her hands down) and then climbed on top of the girl and raped her.

In sum, the evidence supporting the circuit court's refusal to transfer this case to juvenile court was clear and convincing.

Affirmed.