Clint LAMMERS *v.* STATE of Arkansas

95-1264                                          920 S.W.2d 7

Supreme Court of Arkansas
Opinion delivered April 22, 1996

*Green, Henry & Green*, by: *J. Bradley Green*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. This is another in the series of interlocutory appeals from a circuit court's refusal to transfer a criminal case to juvenile court. Appellant, a seventeen year old, is charged with capital murder. He has a history of prior adjudications of delinquency in juvenile court as a result of burglaries and criminal mischief, and was on probation from juvenile court at the time he allegedly committed capital murder. We affirm the order of the circuit court refusing to transfer the case to juvenile court.

The law regarding motions to transfer to juvenile court is well established:

> A defendant seeking a transfer has the burden of proof to show a transfer is warranted under Ark. Code Ann. § 9-27-318(e). *Ring* v. *State*, 320 Ark. 128, 894 S.W.2d 944 (1995); *Davis* v. *State*, 319 Ark. 613, 893 S.W.2d 768 (1995). "If he or she meets the burden, then the transfer is made unless there is clear and convincing countervailing evidence to support a finding that the juvenile should remain in circuit court." *Bradley* v. *State*, 306 Ark. 621, 623, 816 S.W.2d 605, 606 (1991); Ark. Code Ann. § 9-27-318(f) (Repl. 1993). " 'Clear and convincing evidence' has been defined by this Court as 'that degree of proof which will produce in the trier of fact a firm conviction as to the allegation sought to

be established.' " *Cobbins* v. *State*, 306 Ark. 447, 450, 816 S.W.2d 161, 163 (1991) (citation omitted).

The trial court is not required to give equal weight to each of the statutory factors. *Ring* v. *State*, 320 Ark. 128, 894 S.W.2d 944 (1995). "Moreover, proof need not be introduced against the juvenile on each factor." *Davis* v. *State*, 319 Ark. at 616, 893 S.W.2d at 769. "We have often stated that the serious and violent nature of an offense is a sufficient basis for denying a motion to transfer and trying a juvenile as an adult." *Sims* v. *State*, 320 Ark. 528, 536, 900 S.W.2d 508, 513 (1995) (citing *Davis v. State*, 319 Ark. 613, 893 S.W.2d 678 (1995)). No element of violence beyond that required to commit the crime is necessary under Ark. Code Ann. § 9-27-318(e)(1). *See Slay* v. *State*, 309 Ark. 507, 832 S.W.2d 217 (1992), a case in which the underlying crime was rape and we wrote, "*Cobbins* cannot be read to require that an added element of violence must be shown under § 9-27-318(e)(1), and we believe it would be a perverted interpretation to construe that provision in such a manner." *Id.* at 511, 832 S.W.2d 219. However, that a crime is serious without the use of violence "is not a factor sufficient in and of itself for a circuit court to retain jurisdiction of a juvenile." *Sebastian* v. *State*, 318 Ark. 494, 498, 885 S.W.2d 882, 885 (1994).

*Cole* v. *State*, 323 Ark. 136, 141, 913 S.W.2d 779, 781-82 (1996) (quoting *Holmes* v. *State*, 322 Ark. 574, 911 S.W.2d 256 (1995)). An information can constitute sufficient evidence to establish that the defendant is charged with a serious and violent crime. *Davis* v. *State*, 319 Ark. 613, 893 S.W.2d 768 (1995); *Walker* v. *State*, 304 Ark. 393, 803 S.W.2d 502, *reh'g denied* 304 Ark. 402-A, 805 S.W.2d 80 (1991). This court applies the clearly erroneous standard in reviewing the trial court's denial of a motion to transfer. *Sims* v. *State*, 320 Ark. 528, 900 S.W.2d 508 (1995).

The State alleges that appellant and two codefendants entered a grocery store for the purpose of committing a robbery, and in the course of the robbery, a codefendant shot and killed a store clerk. Appellant allegedly searched for the victim's car keys so the three of them could take her car, but they were unable to find the keys. Appellant, who is now seventeen years old, but was fifteen at the time of the alleged offense, has prior juvenile adjudications of delinquency for burglaries and criminal mischief and was on proba-

tion for those delinquency adjudications at the time this case arose.

Appellant's first point of appeal is the trial court erred in denying his motion to transfer because he was only an accomplice and there was no evidence that he personally employed violence. A review of the abstract reveals that this argument was not made before the trial court. Since appellant did not make this argument to the trial court, he cannot raise it on appeal. *See Childress* v. *State*, 322 Ark. 127, 907 S.W.2d 718 (1995).

Even if this point were properly before this court, we would have no hesitancy in affirming. In *Bell* v. *State*, 317 Ark. 289, 877 S.W.2d 579 (1994), we addressed the same argument in another accomplice-murder case, and wrote:

> Bell's main contention is that the circuit court erred because the State failed to show any violent act by him. While it is true that there was no proof that he pulled the trigger, this does not alter the fact that he is charged as an accomplice for his involvement in these murders. An accomplice, even of minor age, is responsible for the activities of his cohort. *See Ashing* v. *State*, 288 Ark. 75, 702 S.W.2d 20 (1986).

*Id.* at 292, 877 S.W.2d at 581.

Appellant's second and third points of appeal are addressed together. His second point is that the State did not present evidence of failed efforts to rehabilitate him; therefore, the State did not prove that he was beyond rehabilitation under existing rehabilitation programs. *See* Ark. Code Ann. § 9-27-318(e)(2). His third point is that the State did not present evidence to rebut proof that he is immature. *See* Ark. Code Ann. § 9-27-318(e)(3). It was neither necessary for the State to introduce evidence of each factor under Ark. Code Ann. § 9-27-318(e) nor for the trial court to give equal weight to each factor. *See Macon* v. *State*, 323 Ark. 498, 915 S.W.2d 273 (1996), and *Davis* v. *State*, 319 Ark. 613, 893 S.W.2d 768 (1995). The serious and violent nature of the crime charged was sufficient, in and of itself, for the trial court to deny the motion to transfer. *Bell* v. *State*, 317 Ark. 289, 877 S.W.2d 579 (1994).

The trial judge did not make specific findings of fact, but only recited that he considered the pleadings, testimony, and statements of counsel, and applied Ark. Code Ann. § 9-27-318 and the deci-

sions of the appellate courts of this State. In similar circumstances, we have written:

> We note that even though the trial judge was not required to make specific findings of fact when reaching his decision, to have done so would have been most helpful to this court in determining whether or not his decision was clearly erroneous.

*Bell* v. *State*, 317 Ark. 289, 293, 877 S.W.2d 579, 581 (1994).

Affirmed.