Terry Lynn CARROLL *v.* STATE of Arkansas

96-650                                                    932 S.W.2d 339

Supreme Court of Arkansas
Opinion delivered November 18, 1996

*William R. Simpson, Jr.*, Public Defender, by: *C. Joseph Cordi, Jr.*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Terry Lynn Carroll appeals from an order of the Pulaski Circuit Court overruling his motion to transfer charges against him to the Juvenile Division of the Chancery Court. Mr. Carroll was charged with aggravated robbery and theft of property. The information accused Mr. Carroll and an accomplice of using a shotgun to take property valued in excess of $200 from the victim, Willie Chism, on May 25, 1995, when Mr. Carroll was sixteen years old.

The State opposed the transfer motion on the ground that three counts of capital murder were pending against Mr. Carroll and the crime charged here was serious and involved an act of violence.

At a hearing on the motion, Mr. Carroll presented testimony by his grandmother, who had raised him, to the effect that he had been well behaved but got "off track" with friends in junior high school. He also presented evidence of intelligence and psychological testing which apparently had occurred in connection with the

other charges pending. The essence of the reports was that Mr. Carroll was functioning at a rather low level of intelligence but was not retarded and suffered no other mental disease or defect.

The State presented testimony of a detective with the Little Rock Police Department who said Mr. Carroll admitted that he pointed a shotgun at Mr. Chism and another person, "racked the slide on the shotgun," and demanded keys in order to steal an automobile.

Another LRPD detective testified that an investigation he conducted led to Mr. Carroll being charged with three counts of capital murder. Mr. Carroll allegedly entered a residence armed with a shotgun where he held the mother of three children at bay while accomplices killed the children.

While we do not discount Mr. Carroll's argument that the evidence indicated he might be a prospect for rehabilitation, we cannot say the Trial Court erred in overruling his motion. The factors to be considered in ruling on such a motion are set forth in Ark. Code Ann. § 9-27-318(b) (Supp. 1995), which provides:

> (b) A circuit court and a juvenile court have concurrent jurisdiction and a prosecuting attorney may charge a juvenile in either court when a case involves a juvenile:
>
> (1) At least sixteen (16) years old when he engages in conduct that, if committed by an adult, would be any felony;
>
> * * *
>
> (d) In making the decision to retain jurisdiction or to transfer the case, the court shall consider the following factors:
>
> (1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;
>
> (2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and
>
> (3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

■ The Trial Court is not required to give equal weight to each of the factors. *Brooks* v. *State*, 326 Ark. 201, 929 S.W.2d 160 (1996); *Ring* v. *State*, 320 Ark. 128, 894 S.W.2d 944 (1995). The serious and violent nature of an offense is a sufficient basis for denying a motion to transfer and trying a juvenile as an adult. *Sims* v. *State*, 320 Ark. 528, 900 S.W.2d 508 (1995); *Holland* v. *State*, 311 Ark. 494, 844 S.W.2d 943 (1993).

■ The information alone is sufficient evidence of the serious and violent nature of the crime to support an order denying the motion to transfer. *Lammers* v. *State*, 324 Ark. 222, 920 S.W.2d 7 (1996); *Cole* v. *State*, 323 Ark. 136, 913 S.W.2d 779 (1996).

■ We do not reverse a decision overruling a motion to transfer, such as the one considered here, unless the decision was clearly erroneous. *Ring* v. *State*, 320 Ark. 128, 894 S.W.2d 944 (1995); *Vickers* v. *State*, 307 Ark. 298, 819 S.W.2d 13 (1991). Aggravated robbery, Ark. Code Ann. § 5-12-103 (Supp. 1995), is a class Y felony, a serious offense. In the circumstances presented, including strong evidence of extreme violence, the Trial Court did not err.

Affirmed.

ROAF, J., concurs.