Demetrius Lamont JONES *v.* STATE of Arkansas

96-765                                                933 S.W.2d 387

Supreme Court of Arkansas
Opinion delivered November 25, 1996

*William R. Simpson, Jr.*, Public Defender, and *Bret Qualls*, Deputy Public Defender, by: *C. Joseph Cordi, Jr.*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Demetrius Jones appeals the order of the Pulaski County Circuit Court denying his motion to transfer charges against him to the Juvenile Division of the Chancery Court. Mr. Jones was charged with first-degree murder. The information alleged that, on September 17, 1994, Mr. Jones "unlawfully, feloniously, and with a purpose of causing the death of another person, did cause the death of Michael Bly, Jr." Mr. Jones was sixteen years old at the time he allegedly committed the offense.

In his motion, Mr. Jones stated that he had no prior criminal convictions in Circuit Court. In its response, the State opposed the transfer on account of the serious and violent nature of the offense charged, the failed attempts at rehabilitating Mr. Jones, and Mr. Jones's criminal history in the Juvenile Division.

At a hearing on the motion, Mr. Jones presented the testimony of his aunt, Ms. Lee Gertie Williams, who testified that Mr. Jones is a "good person" and "had good character and always did what I said." Ms. Williams indicated that Mr. Jones had been placed in special education courses at Sylvan Hills High School. Mr. Jones also presented the testimony of Mr. Carvil Strong, who had counseled Mr. Jones during his stay at the Alexander Youth Service Center. Mr. Strong testified that Mr. Jones would have good prospects for rehabilitation if he were able to improve his educational skills. Ms. Mary Anthony, a case manager at Alexander Service Center, also testified on Mr. Jones's behalf. She testified that she had performed an educational evaluation of Mr. Jones in November 1994 and that he tested on a second-grade level.

The State presented the testimony of Mr. Sean O'Nale, a deputy with the Pulaski County Sheriff's Office. Deputy O'Nale testified that he investigated a homicide on September 17, 1994. The victim was discovered in a van with a fatal gunshot wound, and Mr. Jones was identified as the suspect and subsequently arrested. The Circuit Court heard an audio recording of the statement that Mr. Jones made following his arrest. In the statement, Mr. Jones revealed that he had pointed the gun at the van containing the victim and that the gun "went off." The State's other witness was Mr. David Adams, a sergeant with the Pulaski County Sheriff's Office, who testified that Mr. Jones displayed limited reading and writing abilities.

As Mr. Jones was sixteen years old at the time he allegedly committed the offense, the Circuit Court and the Juvenile Court had concurrent jurisdiction, and the prosecutor was authorized to charge Mr. Jones in either court. Ark. Code Ann. § 9-27-318(b)(1) (Supp. 1995). In reaching its ruling, the Circuit Court was required by statute to consider the following factors:

> (1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

> (2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

Ark. Code Ann. § 9-27-318(e)(1)-(3) (Supp. 1995).

■ The Circuit Court's decision to retain jurisdiction over a juvenile must be supported by clear and convincing evidence. Ark. Code Ann. § 9-27-318(f) (Supp. 1995). We will not reverse the Circuit Court's order unless it is clearly erroneous. *Booker* v. *State*, 324 Ark. 468, 922 S.W.2d 337 (1996).

■ The Circuit Court was not required to give equal weight to each of the three factors. *Brooks* v. *State*, 326 Ark. 201, 929 S.W.2d 160 (1996); *Lammers* v. *State*, 324 Ark. 222, 920 S.W.2d 7 (1996). The serious and violent nature of the offense is a sufficient basis on which the Circuit Court may deny the transfer motion and try the juvenile as an adult. *Hamilton* v. *State*, 320 Ark. 346, 896 S.W.2d 877 (1995). The information alone is sufficient evidence of the serious and violent nature of the crime to support an order denying the motion to transfer. *Cole* v. *State*, 323 Ark. 136, 913 S.W.2d 779 (1996).

■ The evidence presented showed that Mr. Jones was accused of committing first-degree murder, a violent and serious offense classified as a Class Y Felony, and that he allegedly used violence in the commission of that offense. The evidence also permitted the Circuit Court to conclude that Mr. Jones, considering his history in the juvenile system, lacked sufficient prospects for rehabilitation. Finally, in light of the fact that Mr. Jones is currently eighteen years old, it is not possible for him to be committed to a juvenile facility. *Hansen* v. *State*, 323 Ark. 407, 914 S.W.2d 737 (1996). Given these circumstances, the Circuit Court did not err in denying Mr. Jones's motion to transfer.

Affirmed.

ROAF, J., concurs.