Carmen Anthony FLEETWOOD *v.* STATE of Arkansas

97-210                                    947 S.W.2d 387

Supreme Court of Arkansas
Opinion delivered July 7, 1997

Robert T. Rogers, II, Carroll County Public Defender, for appellant.

Winston Bryant, Att'y Gen., by: Kelly Terry, Asst. Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. Appellant, Carmen Anthony Fleetwood, appeals the order of the Carroll County Circuit Court denying transfer of his case to juvenile court. The interlocutory appeal is proper pursuant to Ark. Code Ann. § 9-27-318(h)(Supp. 1995). Jurisdiction is properly in this Court pursuant to Ark. Sup. Ct. R. 1-2(a)(11). We find no error and affirm.

Fleetwood was charged with second-degree murder for the January 3, 1996, killing of Christopher Klein. Fleetwood called the police on January 3, 1996, and informed them that he had shot a man in self-defense. When the police arrived, Fleetwood indicated that he was asleep on a sofa in his grandmother's house and was awakened by Klein standing over him masturbating. He claimed that Klein had ejaculated on his face and that he had wiped the decedent's semen from his face with his shirt. He said that the decedent moved toward him and that he fled the room and went into his grandmother's bedroom. He claims that the decedent followed him into the room and cornered him, so he then took a 410 shotgun from the closet and shot Klein.

The initial DNA test on Fleetwood's shirt showed no evidence of the decedent's semen; however, a semen stain of the defendant's was later detected. A second DNA test indicated a

small stain of semen on the sleeve of the shirt; the DNA of this semen was consistent with the decedent's. An autopsy report indicated that Klein died of a gunshot wound to the head.

After a nine month investigation, Fleetwood was charged with second-degree murder. Charges were brought in the Circuit Court of Carroll County. Fleetwood entered a motion to transfer the matter to juvenile court based upon the fact that he was a minor when the act occurred. Fleetwood was seventeen years old on January 3, 1996, when the shooting occurred. On March 3, 1996, he turned eighteen. At the omnibus hearing on December 18, 1996, the trial court denied the motion to transfer to juvenile court.

At the hearing, the trial court heard testimony from Sue Campbell, Deputy Juvenile Officer of the 44th Judicial Court in Wright, County, Missouri. She testified that Fleetwood was on probation for a year from November 1993 until December 1994 and that he violated probation when he engaged in a fight with a fellow classmate.

Chief Earl Hyatt of the Eureka Springs Police Department testified. He stated that he investigated the murder of Klein and that Fleetwood admitted to shooting the decedent. He also testified that there was no indication that the decedent was armed when he cornered Fleetwood in the bedroom.

Testifying on Fleetwood's behalf was Margie Anderson, Commissioner for Eureka Springs Park and Recreation Department where Fleetwood was employed. She indicated that Fleetwood had been issued an award for saving a child's life. She also stated that Fleetwood had not been the cause of trouble in the community of Lake Leatherwood during the time that he had lived there with his grandmother.

After hearing all of the evidence, the trial court denied the motion to transfer. Fleetwood challenges that ruling as an abuse of discretion.

Ark. Code Ann. § 9-27-318(e)(Supp. 1995) sets forth statutory factors that a trial court must evaluate when ruling upon a motion to transfer a matter to juvenile court. Specifically, § 9-27-318 provides:

> (e) In making the decision to retain jurisdiction or to transfer the case, the court shall consider the following factors:
>
> (1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;
>
> (2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and
>
> (3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.
>
> (f) Upon a finding by clear and convincing evidence that a juvenile should be tried as an adult, the court shall enter an order to that effect.

■ In ruling upon a motion to transfer, a court is not required to give equal weight to each of the factors enunciated in Ark. Code Ann. § 9-27-318(e). *Brooks v. State*, 326 Ark. 201, 929 S.W.2d 160 (1996); *Booker v. State*, 324 Ark. 468, 922 S.W.2d 337 (1996); *Sebastian v. State*, 318 Ark. 494, 885 S.W.2d 882 (1994). According to Ark. Code Ann. § 9-27-318(f) (Supp. 1995), a trial court decision to try a juvenile as an adult must be supported by clear and convincing evidence. A trial court decision will not be overturned unless it is clearly erroneous. *Booker v. State, supra; Davis v. State*, 319 Ark. 613, 893 S.W.2d 768 (1995).

■ According to *Butler v. State*, 324 Ark. 476, 922 S.W.2d 685 (1996), it is the movant's burden to prove the transfer to juvenile court was warranted. *See also, Williams v. State*, 313 Ark. 451, 856 S.W.2d 4 (1993); *Pennington v. State*, 305 Ark. 312, 807 S.W.2d 660 (1991). This is a burden appellant has not met.

The defense conceded that the offense was both serious and violent but claims that the denial of the motion to transfer was improper because of the affirmative defense of self-defense. The statutory scheme for determining whether a case should be transferred to juvenile court is not dependant upon affirmative defenses. A trial court must evaluate the specific offense and the individual defendent to determine whether a transfer is warranted. It is obvious that Fleetwood was allowed to offer evidence to support his motion, and we have often held that a trial court is in the best position to weigh such evidence. We will not question such a ruling absent evidence that the trial court was clearly erroneous.

In addition to the offense being of a serious and violent nature, the State additionally submitted that Fleetwood had turned eighteen years of age and, therefore, was not eligible for juvenile rehabilitative programs. In two recent cases, *Smith v. State,* 328 Ark. 736, 946 S.W.2d 667 (1997); *Oglesby v. State,* 329 Ark. 127, 946 S.W.2d 693 (1997), we held that the age of the juvenile is a permissible factor to evaluate when determining whether a transfer is proper. *See also, Maddox v. State,* 326 Ark. 515, 931 S.w.2d 438 (1996); *Brooks v. State, supra; Hansen v. State,* 323 Ark. 407, 914 S.W.2d 737 (1996).

Based upon the serious and violent nature of second-degree murder and the fact that Fleetwood is now nineteen years old, we cannot say that the denial of transfer was clearly erroneous. We therefore affirm.

Affirmed.