Albert SIMS *v.* STATE of Arkansas

CR 97-157                           947 S.W.2d 376

Supreme Court of Arkansas
Opinion delivered July 7, 1997

*Montgomery, Adams & Wyatt, PLC*, by: *James W. Wyatt*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. This is an interlocutory appeal of the circuit court's order denying the transfer of an aggravated robbery charge to juvenile court. We affirm the trial court's denial of the motion to transfer.

The appellant, Albert Sims, was charged with aggravated robbery, residential burglary, and theft of property in Pulaski County circuit court. At the time of the alleged offenses, Sims was fourteen years of age. Sims subsequently filed a motion to transfer the case to juvenile court.

At the transfer hearing, Cynthia Yvonne Mahomes, Sims's juvenile court probation officer, testified on behalf of Sims. She testified that on February 13, 1996, Sims was placed on a one-year period of probation for burglary and theft of property. Prior to Sims's involvement in juvenile court, he had lived in a shelter due to his mother's inability to provide housing for him. While at the shelter, Sims was respectful and cooperative. Mahomes added that Sims did not receive recommended rehabilitative services due to the fact that he was arrested again only weeks after his placement on probation. Mahomes testified that Sims was not a bad kid, and that he would benefit from rehabilitative therapy and services. She concluded that Sims would not have much chance for rehabilitation if he was convicted and sent to prison.

The State called Little Rock police officer Jeffery Norman as a witness. Norman investigated the robbery of Mary O'Donald, which occurred on March 6, 1996. O'Donald was sitting in her kitchen when three individuals entered her residence wielding large knives. The intruders demanded money, and O'Donald gave them approximately $100. The robbers also searched a bedroom and stole a watch belonging to O'Donald's husband. Afterwards, they taped O'Donald's hands behind her back, one told her "not to try anything funny," and then left the residence.

Norman testified that on March 26, other officers were investigating the presence of suspicious persons in a neighborhood when they encountered Sims. The officers questioned Sims, who said that he was there with an individual named Michael Johnson. Both Sims and Johnson were brought to the police station and questioned by a Detective Tribble. While Tribble questioned

Johnson about several burglaries that had occurred in the area, Johnson admitted his involvement in the March 6 robbery. Norman testified, without objection, that Johnson informed Tribble that Sims was one of two others who participated in the robbery. Norman testified that Sims ultimately confessed to his participation in the robbery to Detective Bob Wortham.[1]

Following the hearing, the trial court transferred the residential burglary and theft-of-property charges to juvenile court, but declined to transfer the aggravated robbery charge. Sims brings this interlocutory appeal pursuant to Ark. Code Ann. § 9-27-318(h) (Supp. 1995), arguing that the trial court erred in denying the motion to transfer the aggravated robbery charge to juvenile court.

We have often stated the factors the trial court must evaluate in deciding a motion to transfer, and our standard of review on an appeal of such a decision. Arkansas Code Annotated § 9-27-318(e) requires the trial court to consider the following in deciding a transfer motion:

> (1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;
> (2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

---

[1] Following Norman's testimony regarding Sims's confession to the robbery, defense counsel announced "I'm going to object or at least have a chance to voir dire [Norman] before we go into [Sims's] statement." On voir dire, defense counsel ascertained that Norman was not actually present when Sims made any statements to the police. Defense counsel ultimately "object[ed] to [Norman's] testimony if he wasn't there and doesn't have any first-hand knowledge of it." However, Sims never obtained a ruling on this objection. Moreover, while Sims points out that Norman had no personal knowledge of the statements, on appeal he does not make the separate legal argument that the trial court erroneously considered inadmissible testimony. At any rate, we have held that hearsay admitted without objection may constitute substantial evidence to support a ruling in a juvenile-transfer case. *See Sanders v. State*, 326 Ark. 415, 932 S.W.2d 315 (1996).

(3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

If the trial court decides to try the juvenile as an adult, its decision must be supported by clear and convincing evidence. Ark. Code Ann. § 9-27-318(f). However, in making its determination, the trial court does not have to give equal weight to the statutory factors. *Brooks v. State*, 326 Ark. 201, 929 S.W.2d 160 (1996); *Booker v. State*, 324 Ark. 468, 922 S.W.2d 337 (1996). This court has often said that the serious and violent nature of an offense is a sufficient basis for denying a motion to transfer. *See, e.g., McClure v. State*, 328 Ark. 35, 942 S.W.2d 243 (1997); *Cole v. State*, 323 Ark. 136, 913 S.W.2d 779 (1996). We will not overturn the trial court's determination unless it is clearly erroneous. *Ring v. State*, 320 Ark. 128, 894 S.W.2d 944 (1995); *Davis v. State*, 319 Ark. 613, 893 S.W.2d 768 (1995).

In the present case, the record reflects that the trial court evaluated all three of the statutory factors in denying the transfer motion. In its findings, the trial court recognized that Sims had been on probation for less than a month at the time the alleged aggravated robbery occurred. Moreover, Sims was placed on probation for serious offenses — burglary and theft. The trial court also considered the testimony from Norman that all of the intruders were armed with knives, and that the victim was left "incapacitated" when the perpetrators left.

Based on the serious and violent nature of the aggravated robbery charge, a Class Y felony, and the State's evidence tending to link Sims with the crime, we cannot say that the trial court was clearly erroneous in denying the motion to transfer the aggravated robbery charge to juvenile court.

Affirmed.