Djuane THOMPSON *v.* STATE of Arkansas

97-339                                                957 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered December 11, 1997
[Petition for rehearing denied January 15, 1998.]

*William R. Simpson, Jr.*, Public Defender, by: *Jeffrey A. Weber*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. This is an interlocutory appeal filed by Djuane Thompson from the circuit court's denial of his motion to transfer his criminal case to juvenile court. We reverse and remand for transfer to the juvenile court.

Djuane Thompson, and two others, were charged as adults in the Pulaski County Circuit Court with aggravated assault, kidnapping, and theft of property. According to the information, a handgun was used in these crimes, and less than $500 was taken from the victim. At the time of the alleged offenses, Thompson was sixteen years of age. Thompson subsequently filed a motion to transfer the case to juvenile court.

During the transfer hearing, Thompson's mother, Shirley Ford, testified that her son had no prior charges in either juvenile or circuit court, that he attended school regularly, and that he did not "run the streets." Thompson's mother explained that during the summer months her son took tutoring classes and mowed yards to earn money. She described Thompson as a "good kid" who was helpful around the house and got along well with his family. Finally, Ford testified that she never suspected that Thompson was involved in gang activity or used drugs or alcohol.

The State did not put on any evidence during the hearing, but instead relied upon the allegations asserted in the information. The prosecutor, however, admitted to the trial court that Thompson did not have a weapon, but his codefendants did. The trial court denied the motion to transfer, and Thompson timely filed this interlocutory appeal. We have jurisdiction pursuant to Ark. Code Ann. § 9-27-318(h) (Supp. 1995).

■ ■ On appeal, Thompson alleges that the trial court erred when it denied his motion to transfer. To determine whether a criminal case should be transferred to juvenile court, the trial court must conduct a hearing and consider the following factors:

(1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

(2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

Ark. Code Ann. § 9-27-318(e) (Supp. 1995). Although the court must consider all of the above factors, it is not required to give them equal weight. *Fleetwood v. State*, 329 Ark. 327, 947 S.W.2d 387 (1997); *Olgesby v. State*, 329 Ark. 127, 946 S.W.2d 693 (1997). The trial court's decision to try the juvenile as an adult must be supported by clear and convincing evidence, Ark. Code Ann. § 9-27-318(f), and we will not reverse the court's determination unless it is clearly erroneous. *Fleetwood, supra; Olgesby, supra.*

## I. *Juvenile's Participation in the Crime*

■ ■ It is well settled that a juvenile may be tried as an adult solely upon the serious and violent nature of the offense. *Sims v. State*, 329 Ark. 350, 947 S.W.2d 376 (1997); *McClure v. State*, 328 Ark. 35, 942 S.W.2d 243 (1997). Although the charges against Thompson were serious, he claims on appeal that the trial court's ruling must be reversed because the prosecutor conceded that violence was employed by the codefendants, but not Thompson. We, however, have previously held that:

[i]t is of no consequence that appellant may or may not have personally used a weapon, as his association with the use of a weapon in the course of the crimes is sufficient to satisfy the violence criterion.

*Guy v. State*, 323 Ark. 649, 916 S.W.2d 760 (1996); *see also, Collins v. State*, 322 Ark. 161, 908 S.W.2d 80 (1995); *Walter v. State*, 317 Ark. 274, 878 S.W.2d 374 (1994). Thus, we find no merit to Thompson's first argument.

## II. Sufficiency of the Information Alone

Next, Thompson contends that the trial court's ruling must be reversed because there was no evidence presented during the transfer hearing to substantiate the serious and violent nature of the charges contained in the information. We agree with Thompson's argument, and accordingly we reverse and remand for transfer to the juvenile court.

For several years, we have held that the trial court could rely solely upon the allegations contained in the information to support its finding that a juvenile should be tried as an adult due to the serious and violent nature of the crime. *See, e.g., Lammers v. State*, 324 Ark. 222, 920 S.W.2d 7 (1996); *Davis v. State*, 319 Ark. 613, 893 S.W.2d 768 (1995); *Vickers v. State*, 307 Ark. 298, 819 S.W.2d 13 (1991). In *Sanders v. State*, 326 Ark. 415, 932 S.W.2d 315 (1996), we began to question the soundness of this rule. Although the sufficiency of the information alone was not an issue in *Sanders*, we made the following admonition:

> This case exemplifies the fact that, under our current interpretations of the code, prosecuting attorneys can file a serious charge against a juvenile in circuit court and do nothing more. It may be that there is no substantial evidence to support the charge, and a transfer may be denied. In this case the trial judge was apparently frustrated by a total lack of proof by the State. He even inquired whether the knife alleged to have been used was a butter knife or a butcher knife, and the State did not know. This type of proceeding was not envisioned by the drafters of the juvenile code, and we did not intend for our interpretations to do away with the need for a *meaningful hearing*. As a result, we issue a caveat that in juvenile transfer cases tried after this date [October 28, 1996], we will consider anew our interpretation of the juvenile code when the issues are fully developed and briefed.

*Id.* (emphasis added).

Less than six months later, the appellant in *Humphrey v. State*, 327 Ark. 753, 940 S.W.2d 860 (1997), accepted our invitation in *Sanders* to reevaluate our interpretation of the juvenile code by arguing that his conviction should be reversed because the trial court based its denial of his motion to transfer solely upon the

allegations contained in the information. The record of Humphrey's case, however, revealed that the allegations contained in the information were substantiated by two witnesses who testified during the transfer hearing about the serious and violent nature of the crimes. *Id.* Hence, we did not reach the issue.

A few months later, we announced once again that if the proper case was presented, we would reconsider the issue of whether a court could base its decision on a motion to transfer solely upon the allegations contained in the information. *Ponder v. State*, 330 Ark. 43, 953 S.W.2d 555 (1997) (Glaze, J., concurring). We find that this case presents the proper opportunity to consider this issue because there was no evidence to substantiate the allegations contained in the information, and the hearing was held after October 28, 1996, as required by *Sanders.*

The plain and unambiguous language of the transfer statute declares that:

> Upon the motion of the court or of any party, the judge of the court in which a delinquency petition or criminal charges have been filed *shall conduct a hearing* to determine whether to retain jurisdiction or to transfer the case to another court having jurisdiction.

Ark. Code Ann. § 9-27-318(d) (emphasis added). If the State can merely rest upon the allegations in the information that the crime was violent and serious, there is no need to have such a hearing. In fact, the hearing in this case was far from "meaningful" as stated in *Sanders.*

██ ██ Hence, we hold that from the date of this opinion forward, there must be some evidence to substantiate the serious and violent nature of the charges contained in the information. Accordingly, all prior decisions inconsistent with this opinion are hereby overruled. Furthermore, we reverse the trial court's denial of Thompson's motion to transfer and remand for transfer to the juvenile court. The dissenting and concurring opinions debate which party bears the burden of proof. We, however, refuse to address the issue at this time because it was not raised by either party.

Reversed and remanded for orders consistent with this opinion.

NEWBERN, J., concurring.

CORBIN and BROWN, JJ., concurring in part and dissenting in part.

DAVID NEWBERN, Justice, concurring. The majority holds that the State must produce "some evidence to substantiate the serious and violent nature of the charges contained in the information." That evidence relates to the first of the three factors on which proof is required in a "meaningful" juvenile transfer hearing according to Ark. Code Ann. § 9-27-318(e) (Supp. 1995). "Upon a finding by clear and convincing evidence that a juvenile should be tried as an adult, the court shall enter an order to that effect." Ark. Code Ann. § 9-27-318(f) (Supp. 1995). By requiring that "clear and convincing evidence that a juvenile should be tried as an adult," the General Assembly has obviously placed the burden of proof on the State. See Walker v. State, 304 Ark. 393, 803 S.W.2d 502 (1991) (Newbern, J., dissenting.) In the Walker case, the opposite conclusion was reached.

The majority now says the State must produce "some evidence" but refuses to recognize the error made in the Walker decision or to tackle again the burden of proof issue. That leaves the trial courts wondering who must produce the "clear and convincing evidence" of the factors supporting trial of a juvenile as an adult. We should hold that, although the juvenile may be the moving party, the statute clearly places the burden of proof on the State. Contrary to the concurring and dissenting opinion of Justice Brown in this case, the State would not be asked to "prove a negative." Rather, the statute requires "clear and convincing evidence that a juvenile should be tried as an adult," and that cannot be properly characterized as a negative proposition.

The majority opinion purports to be concerned about a "meaningful hearing." Any hearing, meaningful or otherwise, in an adversary system of justice must proceed on the basis that one party or the other has the burden of proof with respect to the issue at hand. Although the parties may not have used the term "bur-

den of proof" in their arguments, that is what this case is about. We should not duck the issue, and we should not create a hybrid, unclear situation that we or the General Assembly will have to undo later.

ROBERT L. BROWN, Justice, concurring in part; dissenting in part. Since our decision in *Walker v. State*, 304 Ark. 393, 803 S.W.2d 502 (1991), *reh'g denied*, 304 Ark. 402-A, 805 S.W.2d 80 (1991), we have cited the principle that a criminal information may suffice as proof of the seriousness and violence of a charge in some nineteen cases.[1] Now, after almost seven years of experience under the *Walker* holding, this court has determined that the prosecutor must do more than simply rely on the criminal information to establish seriousness and violence. I am amenable to requiring the prosecutor to offer some proof of the crime itself to meet the seriousness-and-violence criterion. Indeed, in *Walker v. State, supra*, we said that it was desirable, even preferable, for the prosecutor to present evidence at the hearing in addition to the charge itself.

What satisfies the requirement of "some proof" is not answered in the majority opinion. Evidence of a shooting or death should be enough to corroborate the criminal information on the seriousness and violent nature of the crime. More often than not, the investigating law-enforcement officer could establish that element. Robberies, assaults, and batteries might require the testimony of the victim, absent an agreement to permit hearsay testimony by the investigating officer. In this regard, I remain convinced that the Rules of Evidence should apply to juvenile-

---

[1] *Jones v. State*, 326 Ark. 681, 933 S.W.2d 387 (1996); *Carrol v. State*, 326 Ark. 602, 932 S.W.2d 339 (1996); *Sanders v. State*, 326 Ark. 415, 932 S.W.2d 315 (1996); *Brooks v. State*, 326 Ark. 201, 929 S.W.2d 160 (1996); *Butler v. State*, 324 Ark. 476, 922 S.W.2d 685 (1996); *Booker v. State*, 324 Ark. 468, 922 S.W.2d 337 (1996); *Green v. State*, 323 Ark. 635, 916 S.W.2d 756 (1996); *Cole v. State*, 323 Ark. 136, 913 S.W.2d 779 (1996); *McGaughy v. State*, 321 Ark. 537, 906 S.W.2d 671 (1995); *Hamilton v. State*, 320 Ark. 346, 896 S.W.2d 877 (1995); *Ring v. State*, 320 Ark. 128, 894 S.W.2d 944 (1995); *Davis v. State*, 319 Ark. 613, 893 S.W.2d 768 (1995); *Bell v. State*, 317 Ark. 289, 877 S.W.2d 579 (1994); *Walter v. State*, 317 Ark. 274, 878 S.W.2d 374 (1994); *Beck v. State*, 317 Ark. 154, 876 S.W.2d 561 (1994); *Tucker v. State*, 313 Ark. 624, 855 S.W.2d 948 (1993); *Johnson v. State*, 307 Ark. 525, 823 S.W.2d 440 (1992); *Vickers v. State*, 307 Ark. 298, 819 S.W.2d 13 (1991); *Bradley v. State*, 306 Ark. 621, 816 S.W.2d 605 (1991).

transfer hearings. *McClure v. State*, 328 Ark. 35, 942 S.W.2d 243 (1997)(Brown and Imber, JJ., concurring).

I disagree with the concurring opinion of Justice Newbern, however, that the State should have the full burden of proof in juvenile-transfer cases. Admittedly, these hearings present something of a hybrid situation, with both parties having some obligation to offer proof. It would be unreasonable, though, to hold that a juvenile who has been charged in circuit court could simply move to transfer an adult criminal charge to juvenile court and then sit back and force the State to prove a negative, that is, why the matter should not be transferred. It is the juvenile who seeks to change the status quo, and under such circumstances, he or she should have the burden of going forward with the proof.

The better course, in my opinion, was set in *Walker v. State, supra*, when we said that the juvenile has the burden of going forward with proof to show that the criteria are met. More precisely, the juvenile should have the burden of justifying a transfer based on his or her prospects for rehabilitation within the juvenile system, a showing that the current offense does not evidence a repetitive pattern, and perhaps even proof that the offense was not sufficiently serious and violent to warrant a circuit court trial. The prosecutor, however, must also offer some evidence of the seriousness and violence associated with the crime, if the matter is to remain in circuit court, since the circuit court must make that decision based on clear and convincing evidence. And that evidence, with today's holding, must be more than the criminal information. Without such evidence by the prosecutor, a transfer to juvenile court becomes automatic. Thus, both parties are required to offer some proof.

Finally, I disagree with the majority when it holds that the charges against Djuane Thompson in circuit court should be transferred to juvenile court. The prosecutor undoubtedly relied on our line of cases in offering only the criminal information as proof of seriousness and violence in the instant case. With today's decision, we are changing our caselaw, after citing the principle that a criminal information is sufficient to meet the seriousness-and-violence factor in nineteen cases. I would remand this matter

for a juvenile-transfer hearing to be held forthwith, in light of today's decision, bearing in mind that Thompson turns eighteen on February 28, 1998. Should a hearing not be conducted before that date in sufficient time for the juvenile court to assume jurisdiction over Thompson in the event of a favorable decision to transfer, then I agree that the matter should be automatically transferred.

CORBIN, J., joins.