

Cite as 2013 Ark. App. 706

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–13–606

| | | |
|---|---|---|
| | | **Opinion Delivered** December 4, 2013 |
| A.E.L. | APPELLANT | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. CR–2013-60] |
| V. | | |
| | | HONORABLE ROBERT EDWARDS, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED |

**ROBIN F. WYNNE, Judge**

A.E.L. appeals from an order of the White County Circuit Court denying his motion to transfer his criminal case to the juvenile division. He argues that there was no evidence presented at the transfer hearing to support certain findings by the circuit court. We disagree and affirm.

On January 29, 2013, the State filed a criminal information in which it alleged that appellant committed the following offenses: aggravated assault, felony fleeing, and first-degree criminal mischief. In an affidavit, Detective Keith Hays with the Searcy Police Department stated that on December 30, 2012, appellant was driving a vehicle that was stopped for a traffic violation by Officer Matt Higgins. When Officer Higgins pulled behind appellant's vehicle, appellant backed up at a rapid rate of speed and struck the patrol unit, disabling the officer's vehicle. Appellant was pursued by other police units to Gum Springs Cemetery,

where he destroyed twelve headstones and one statue before wrecking. During the pursuit, appellant's vehicle struck and damaged a vehicle driven by Kala Gardner. The affidavit states that appellant caused $12,992.80 worth of damage in the cemetery, $2000 worth of damage to Ms. Gardner's vehicle, and an estimated $15,877.20 worth of damage to Officer Higgins's patrol vehicle.

Appellant filed a motion to transfer his case to the juvenile division of the circuit court on February 1, 2013. At the hearing on appellant's motion, Tiffany English, a special-education teacher at Searcy High School, testified that appellant was a student in her class. She stated that appellant has attention-deficit disorder and that she had not had any discipline issues with him. Barbara Brown, appellant's counselor at the high school, testified that she was not aware of appellant having any disciplinary issues at school.

Appellant's father testified that appellant was seventeen-and-a-half years old at the time of the incident that led to the charges. According to appellant's father, appellant had not had any serious disciplinary issues prior to the incident.

The State's case, by agreement of the parties, consisted solely of argument by counsel. The police officers involved in the incident were present at the hearing. The circuit court entered an order denying the motion to transfer on March 15, 2013. This appeal followed.

A prosecuting attorney has the discretion to charge a juvenile, sixteen years of age or older, in the juvenile or criminal division of circuit court if the juvenile has allegedly engaged in conduct that, if committed by an adult, would be a felony. Ark. Code Ann. § 9-27-318(c)(1) (Repl. 2009). On the motion of the court or any party, the court in which the

2



criminal charges have been filed shall conduct a hearing to determine whether to transfer the case to another division of circuit court having jurisdiction. Ark. Code Ann. § 9-27-318(e) (Repl. 2009). The court shall order the case transferred to another division of circuit court only upon a finding by clear and convincing evidence that the case should be transferred. Ark. Code Ann. § 9-27-318(h)(2) (Repl. 2009). Clear and convincing evidence is the degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. *Neal v. State*, 2010 Ark. App. 744, at 6, 379 S.W.3d 634, 637. We will not reverse a trial court's determination of whether to transfer a case unless that decision is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *Id.*, 379 S.W.3d at 638.

At a juvenile-transfer hearing, the trial court must consider, and issue written findings on, the following factors: (1) the seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court; (2) whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner; (3) whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted; (4) the culpability of the juvenile, including the level of planning and participation in the alleged offense; (5) the previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence; (6) the sophistication or maturity of the

juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult; (7) whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday; (8) whether the juvenile acted alone or was part of a group in the commission of the alleged offense; (9) written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and (10) any other factors deemed relevant by the judge. Ark. Code Ann. § 9–27–318(g); *Neal*, 2010 Ark. App. 744, at 6–7, 379 S.W.3d at 638. The trial court does not have to give equal weight to each factor. *Id*. at 7, 379 S.W.3d at 638.

In its order, the circuit court made separate written findings with regard to each of the ten factors. Appellant first argues that there was no evidence presented at the hearing regarding the first three factors and that, in making its findings on those factors, the circuit court relied solely upon the criminal information, in violation of our supreme court's holding in *Thompson v. State*, 330 Ark. 746, 958 S.W.2d 1 (1997). Appellant's argument is unpersuasive because the circuit court had before it the affidavit of Detective Hays that described the nature of the offenses alleged to have been committed by appellant. The State correctly states in its responsive brief that the consideration of the contents of the affidavit by the circuit court was not objected to by appellant. Therefore, there was evidence, separate from the criminal information, to support the circuit court's findings regarding the first three factors listed in section 9–27–318(g).

Appellant next argues that there was no evidence to support the circuit court's finding

regarding the seventh factor, which concerns the likelihood of rehabilitation in the juvenile system by the juvenile's twenty-first birthday. In its order, the circuit court states that it is aware of programs and facilities in the juvenile division designed to rehabilitate delinquent juveniles, but finds that such programs or facilities were not likely to provide rehabilitation to appellant. Given appellant's age and the nature of the offenses alleged, we hold that the circuit court's finding on this factor was not clearly erroneous.

Finally, appellant argues that there was no evidence to support the circuit court's finding under factor ten that, in its opinion, appellant's age was past the age when disposition in the juvenile division would benefit the juvenile or society. The testimony at the hearing was that appellant was less than a year shy of his eighteenth birthday at the time the alleged offenses were committed and, as is noted above, he is alleged to have committed offenses that resulted in substantial property damage and posed a risk of injury to others. In light of the other findings by the circuit court, we hold that the finding under factor ten was not clearly erroneous.

Affirmed.

PITTMAN and HARRISON, JJ., agree.

*Lightle, Raney, Streit & Streit, LLP*, by: *Jonathan R. Streit*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.