L.W. *v.* STATE of Arkansas

CA 04-613                                   202 S.W.3d 552

Court of Appeals of Arkansas
Opinion delivered February 9, 2005

*Buckley, McLemore & Hudson*, by: *Kent McLemore*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

LARRY D. VAUGHT, Judge. On appeal L.W., a minor, argues that the trial court's determination that clear and convincing evidence supported the need for him to register as a sexual offender, pursuant to Ark. Code Ann. § 9-27-356(e) (Supp. 2003), was clearly erroneous. We disagree and affirm the decision of the trial court.

The facts giving rise to the predicate offense that resulted in appellant's sex-offender status are as follows. On December 2, 2003, appellant pleaded guilty to rape (Y felony), attempted rape (A felony), and two counts of sexual indecency with a child (D

felony). Appellant was adjudicated delinquent and placed on eighteen months' probation. These charges resulted from a series of events, beginning when appellant was fourteen years old, where he sexually assaulted his best friend's seven-year-old sister.

Appellant and the victim's brother lived near one another and attended the same school. Appellant was the quarterback of his school's football team and the victim's brother played center. Beginning in April of 2002 and continuing through August of that year, appellant would frequently visit his friend's home and attend family outings with his friend's family. During these visits and outings appellant sought opportunities to be alone with his friend's younger sibling. On four separate occasions during the summer of 2002, appellant penetrated the victim with either his finger or his penis. At one point during the summer, he feigned illness while playing basketball so he could enter his friend's home and rape his victim. Appellant was eventually discovered, in the act of coitus with his young victim, by his best friend who reported the incident. After the police became involved, appellant was charged with, and pleaded guilty to, four felony counts.

Appellant was required to undergo counseling and submit to a statutorily required sexual-offender assessment. Following his sexual-offender assessment and an evidentiary hearing, the trial court ordered appellant to register as a sex offender pursuant to Ark. Code Ann. § 9-27-356, despite the fact that the assessment and the discharge recommendations did not indicate that appellant would likely re-offend. Based primarily on the favorable prognosis of the assessment and discharge reports, appellant argues that the trial court's decision to require that he register as a sex offender was clearly erroneous and urges us to reverse that decision.

Arkansas Code Annotated § 9-27-356(d) provides that "following a sex offender screening and risk assessment the prosecutor may file a motion to request that a juvenile register as a sex offender at any time while the court has jurisdiction of the delinquency case." The State filed such a motion on October 10, 2003. According to Ark. Code Ann. § 9-27-356(e), after such a motion is filed, the court must conduct a hearing within ninety days of the State's registration motion, to consider the following "factors in making its decision to require the juvenile to register as a delinquent sex offender":

(i) The seriousness of the offense;

(ii) The protection of society;

(iii) The level of planning and participation in the alleged offense;

(iv) The previous sex offender history of the juvenile, including whether the juvenile has been adjudicated delinquent for prior sex offenses;

(v) Whether there are facilities or programs available to the court that are likely to rehabilitate the juvenile prior to the expiration of the court's jurisdiction;

(vi) The sex offender assessment and any other relevant written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and

(vii) Any other factors deemed relevant by the court.

On December 19, 2003, the court conducted such a hearing. After making written findings on all of the factors in subsection (e), as required by law, the trial court concluded that by clear and convincing evidence appellant should be required to register as a sex offender. Ark. Code. Ann. § 9-27-356(f).

■ ■ Clear and convincing evidence is the degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Otis v. State*, 355 Ark. 590, 142 S.W.3d 615 (2004). On appeal, when factual findings require clear and convincing evidence, we consider whether the trial court's findings are clearly erroneous, giving due regard to the opportunity of the trial court to judge the credibility of the witnesses. *See, e.g., Johnson v. Ark. Dep't of Human Servs.*, 78 Ark. App. 112, 119 82 S.W.3d 183 (2002). Further, " 'where there are two possible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous.' " *Allen v. Rutledge*, 355 Ark. 392, 403, 139 S.W.3d 491, 497 (2003) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573–74 (1985)).

■ Here, prior to reaching its decision, the trial court carefully considered each of the seven factors and made specific factual findings as to each factor. First, the court found that the multiple sexual offenses — including one Y felony rape, which is by definition a serious offense — were serious, particularly in light of the victim's age and the physical and emotional gap between her and appellant. A trial court is not required to give equal weight to

all statutory factors, and this factor — logically so — heavily factored into the trial court's decision to require registration. *See Brooks v. State*, 326 Ark. 201, 929 S.W.2d. 160 (1996).

Second, as to the protection of society, the trial court found that appellant had exhibited manipulative behavior by infiltrating his best friend's family, gaining the family's trust, then sexually abusing their young daughter. The court also noted appellant's lack of remorse and manipulative behavior. Further, the diagnostic reports indicated that appellant was at low to moderate risk to re-offend — if a careful regime of therapy was followed. As the trial court recognized, this status is distinctly different than being at no risk to re-offend. The court also acknowledged that several of the reports instructed that appellant should have no unsupervised contact with younger children.

Third, the court concluded that appellant's level of planning and participation weighed against him because he committed the sexual offenses against his best friend's younger sister in her own home, on more than one occasion. The court also noted that appellant lacked remorse, "created the opportunity to get his victim alone," and "used manipulation to get his way." According to the diagnostic reports, he utilized "intimidation" and "threats" to coerce his victim's cooperation in the abuse. Further, the abuse occurred six to seven times, with the seriousness gradually escalating over the course of the summer, until appellant was caught in the act.

As to the fourth factor, the trial court found that appellant had no previous sex-offender history.

In considering the fifth factor — the treatment options available to appellant — the trial court expressed concern that he was not fully "rehabilitated" and that he "failed to sincerely meet all of the criteria for discharge." Indeed, appellant completed four stages of treatment in only five months, with only one month of compliance. He argues that his rapid progress should be considered in his favor and not against him. However, the court expressed concern over the depth of the progress in light of the fact that appellant's original anticipated stay was nine to twelve months.

The sixth factor considered by the trial court was the sex-offender assessment, which did not recommend registration. The court noted this recommendation, but also pointed to lan-

guage in the report stating that "there is currently no valid or reliable tool for assessment of risk for re-offending in juvenile sexual offenders." Appellant concedes this point, but asks the court to acknowledge that it is currently the only indicator, and that the legislature placed great significance on the report by requiring that it be mandatory.

■ Finally, the trial court was asked to consider all other relevant factors prior to making its determination. The court noted that a decision to require registration would have a "serious implication" on appellant, placing restrictions on his future. However, while there are some punitive characteristics to registration, the registration is essentially regulatory and therefore non-punitive in nature. *See, e.g., Kellar v. Fayetteville Police Dep't,* 339 Ark. 274, 5 S.W.3d 402, (1999).

■ After careful consideration of appellant's argument, we are satisfied that the legislature recognized that the best indicator of need for registration is a synthesis — conducted by the trial court — of the seven factors listed in the statute, among which the sex-offender assessment is merely one. Although there was some proof that weighed in appellant's favor, there was clear and convincing evidence supporting the trial court's decision to require registration. Therefore, the trial court's decision cannot be said to have been clearly erroneous, and we affirm.

Affirmed.

GRIFFEN and CRABTREE, JJ., agree.