Cite as 2021 Ark. App. 504

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CR-21-226

|  |  |
|---|---|
| W.H.<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** December 8, 2021<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT<br>[NO. 16JJV-16-202]<br><br>HONORABLE RICHARD LUSBY, JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant W.H. appeals from the Clark County Circuit Court's order requiring him to register as a sex offender. For reversal, W.H. argues that the circuit court's registration decision is not supported by clear and convincing evidence. We affirm.

On May 4, 2016, the circuit court entered a delinquency-adjudication order finding that W.H. had committed the Class Y felony offenses of rape and introduction of a controlled substance into the body of another, and committing him to the Division of Youth Services (DYS). The court recommended that W.H. receive sex-offender-specific treatment due to his previous second-degree sexual-assault charge and current rape charge. W.H. was additionally ordered to complete a community notification risk assessment.

Following two orders extending his DYS commitment,[1] on September 12, 2019, the State filed a motion to require W.H. to register as a juvenile sex offender pursuant to Arkansas Code Annotated section 9-27-356(e) (Repl. 2020). On November 27, the circuit court ordered W.H.'s release from DYS commitment. W.H. was ordered to follow all rules of the after-care program and safety plan provided by Consolidated Youth Services (CYS). The circuit court entered an order on October 16, 2020, requiring W.H. to submit to a second registration risk assessment with UAMS. The State filed another motion for a juvenile sex-offender-registration hearing on January 19, 2021. The hearing on the State's motion was held on February 10.

At the hearing, W.H.'s former probation officer, Lewis Davis, testified that W.H. was initially put on probation at the age of ten for raping his younger sister. He stated that his office was also involved in a subsequent case in which W.H. was adjudicated delinquent for the offenses of rape and introducing a controlled substance into the body of another. Davis described W.H. as manipulative and an opportunist for the ways in which he acted— he had drugged his grandmother to get around the safety plan that was in place to protect his younger sister in order to continue sexually abusing her. Davis testified that he did not know of any facilities that were likely to rehabilitate W.H.

Harold Biazo, a CYS worker, testified that W.H. had completed the CYS program and obtained his G.E.D. Biazo also stated that although the conclusion of the sex-offender screening and risk assessment was "pretty clear cut," W.H. had made progress. Christian

---

[1]The orders extending W.H.'s DYS commitment were entered on April 10, 2018, and March 12, 2019.

Stokes, former Arkansas Department of Human Services caseworker, testified that he was willing to sponsor W.H. and help him work his after-care program. W.H. also testified on his own behalf. He stated that he was excited to start a new life and would follow the rules and guidelines provided by Mr. Stokes.

The State introduced into evidence two sex-offender-screening and risk-assessment reports. The first one, conducted on May 22, 2018, found that W.H. was a high risk to reoffend sexually and recommended that he be placed on the registry. The second assessment, conducted on November 16, 2020, also recommended that W.H. be required to register, concluding that he was a high risk to reoffend even though his offenses occurred when he was younger.

On February 15, 2021, the circuit court entered an order requiring W.H. to register as a sex offender. In making its determination, the circuit court found the following:

Seriousness of offense: Last two adjudicated offenses were Y felonies, considered very serious. Multiple rapes of a sibling. Drugging an adult to have access to repeated sexual assaults of the same victim.

Protection of society: Juvenile has largely been under the supervision of structured facilities and programs and has not had an opportunity to re-offend to show an actual alteration of behavior.

Level of planning and participation: In terms of planning, he used medication prescribed to himself and drugging his grandmother to render her incapable of keeping his victim safe. In terms of participation, he was the offender.

Previous history: He has been adjudicated of more than one sexual offense, his first being the anal penetration of his sister. The abuse of his sister was chronic/lengthy.

Facilities or programs available: There are no other programs or facilities available to rehabilitate the juvenile. He has received inpatient and outpatient treatment.

Sex offender assessment: Two assessments were completed and both were considered by the court. The most recent report does recommend registration.

Other factors: Court considered the opinions of Mr. Harold Biazo and Mr. Christian Stokes regarding recent improvement. However, that testimony is not enough to overcome the other factors that the court has referenced per statute.

On appeal, W.H. challenges the circuit court's determination that he should be required to register as a sex offender, arguing that the court's finding is not supported by clear and convincing evidence. Arkansas Code Annotated section 9-27-356(d) provides that "following a sex offender screening and risk assessment the prosecutor may file a motion to request that a juvenile register as a sex offender at any time while the court has jurisdiction of the delinquency case." In making its decision to require a juvenile to register as a delinquent sex offender, the circuit court shall consider the following factors:

(i) The seriousness of the offense;

(ii) The protection of society;

(iii) The level of planning and participation in the alleged offense;

(iv) The previous sex offender history of the juvenile, including whether the juvenile has been adjudicated delinquent for prior sex offenses;

(v) Whether there are facilities or programs available to the court that are likely to rehabilitate the juvenile prior to the expiration of the court's jurisdiction;

(vi) The sex offender assessment and any other relevant written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and

(vii) Any other factors deemed relevant by the court.[2]

---

[2] Ark. Code Ann. § 9-27-356(e)(2)(A).

4

The circuit court must find by clear and convincing evidence that a juvenile should be required to register as a sex offender.[3] Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established.[4] On appeal, when factual findings require clear and convincing evidence, we consider whether the circuit court's findings are clearly erroneous, giving due regard to the opportunity of the circuit court to judge the credibility of the witnesses.[5] Further, when there are two possible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous.[6]

W.H. concedes that the majority of the statutory factors listed above weighed against him, including seriousness of the offense; level of planning and participation; previous sex-offender history; and written sex-offender assessment. However, he argues that at the time of the registration hearing, he had not committed an offense in nearly five years; therefore, he was not a threat to society. As noted in the circuit court's order, during the five-year period to which W.H. refers, he had been under the supervision of structured facilities and programs and had not had the opportunity to reoffend.

W.H. also contends that the circuit court lacked clear and convincing evidence to require him to register as a sex offender because "Mr. Biazo's testimony and Mr. Stoke's testimony indicated that he had successfully completed their programs and that he had been

---

[3]Ark. Code Ann. § 9-27-356(f)(2).

[4]*Otis v. State*, 355 Ark. 590, 142 S.W.3d 615 (2004).

[5]*L.W. v. State*, 89 Ark. App. 318, 202 S.W.3d 552 (2005).

[6]*Allen v. Rutledge*, 355 Ark. 392, 139 S.W.3d 491 (2003).

rehabilitated." While we acknowledge the testimony from Mr. Biazo and Mr. Stokes regarding the progress W.H. achieved via the rehabilitation programs, the court was not required to give greater weight to the testimony than to the risk-assessment report that assessed W.H. as a high risk to sexually reoffend.[7] The circuit court, in reaching its decision, is not required to give equal weight to all seven statutory factors set forth in Arkansas Code Annotated section 9-27-356(e)(2)(A)(i–vii). Furthermore, the best indicator of need for registration is a synthesis—conducted by the circuit court—of the seven factors listed in the statute."[8]

After careful consideration of W.H.'s argument and the specific facts and circumstances of this case, we hold that there was clear and convincing evidence supporting the circuit court's decision to require registration. Consequently, the circuit court's decision cannot be said to have been clearly erroneous, and we affirm.

Affirmed.

KLAPPENBACH and GRUBER, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.

---

[7]*See L.W. v. State*, 89 Ark. App. 318, 202 S.W.3d 552 (2005).

[8]*Id.*